T.K.'S VIDEO, INC., Appellant,

v.

The STATE of Texas, State.

No. 2–92–470–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 25, 1994.

Rehearing Overruled April 5, 1994.

Malcolm Dade, Dallas, for appellant.

Bruce Isaacks, Crim. Dist. Atty., Jim E. Crouch, Asst. Crim. Dist. Atty., Denton, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

LATTIMORE, Justice.

Appellant, T.K.'s Video, Inc. ("T.K.'s"), was convicted by a jury of the offense of promotion of obscenity. TEX.PENAL CODE ANN. § 43.23(c) (Vernon 1989). The court assessed punishment at a fine of $10,000. On appeal, T.K.'s raises two points of error contending that the trial court erred: (1) in failing to excuse a venireperson for cause and refusing to grant appellant an additional preemptory strike; and (2) in failing to charge the jury that they must first determine what the community standard is before they can make the determination of obscenity vel non of the material.

We affirm.

Roland Ridge of the Denton County Sheriff's Office entered T.K.'s Video Store while working undercover and purchased two magazines, entitled "Buddies in Heat" and "The Swingers," depicting homosexual, heterosexual, and group intercourse. T.K.'s was charged by information with promotion of obscene material. During the State's case-in-chief, Deputy Ridge testified about the layout and contents of the store, and the circumstances surrounding the purchase of the magazines. Deputy Ridge and Deputy Elrod both stated their opinions that the average hypothetical adult Texan, applying Texas community standards, would find that the magazines appeal to the prurient interest in sex.

■ In its first point of error, T.K.'s complains that the trial court reversibly erred in failing to excuse venireperson Williams for cause and refusing to grant appellant an additional preemptory strike. The examination of Williams was extensive, but can be summarized as follows: Williams responded negatively to open questions to the panel about whether he could listen intently and give both sides a fair and equal trial, and to whether he could honestly and in good faith follow absolutely and conscientiously the law.

[VENIREMAN WILLIAMS]: Your question was: Anything that would make you not be able to listen intently to both sides? Although I don't earn my living in this capacity, I am an ordained minister. And I would struggle a little bit with just how objective I could be.

In response to further questions by the State and the court, he stated that "I don't necessarily agree with [one of the statements in the charge]," but he ultimately agreed that he could follow the law even if he thought it was morally wrong. Defense counsel questions explored Williams' attitude toward homosexuality, which he condemned as shameful, morbid and sick. He stated that all homosexual material appealed to a prurient interest in sex, and that he would have trouble telling his congregation that he had found a sexually explicit, homosexual magazine legal. The final question to Williams best summarizes his potential bias:

[DEFENSE COUNSEL]: ... One last question. Because of your bias and your prejudice, do you feel you just couldn't be fair in this case?

[VENIREMAN WILLIAMS]: Well, that's what I first raised my hand about. The question was, is there anything that could keep you from being completely objective? And I think it's something I would struggle with. I think that I could be objective enough, though, to the best of my abilities to carry out the Judge's instructions.

The trial court overruled the challenge for cause, but acknowledged that the decision was a close one, primarily because Williams indicated he would be embarrassed to find that homosexual material was not obscene.

■ The trial court's determination of whether a venireperson is biased is a factual finding. *Clark v. State*, 717 S.W.2d 910, 915 (Tex.Crim.App.1986), *cert. denied*, 481 U.S. 1059, 107 S.Ct. 2202, 95 L.Ed.2d 857 (1987). The resolution of this factual controversy remains within the trial court's discretion, and such decision will not be reversed on appeal absent a clear showing of an abuse of discretion. *Sawyers v. State*, 724 S.W.2d 24, 32 (Tex.Crim.App.1986), *overruled on other grounds*, *Watson v. State*, 762 S.W.2d 591, 599 (Tex.Crim.App.1988). Because the trial court is present to observe the venireperson, including demeanor and tenor of voice, great deference should be given to the trial court's

decision. *Pyles v. State,* 755 S.W.2d 98, 106 (Tex.Crim.App.), *cert. denied,* 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988). Appellate review of this decision is focused upon the entire written transcription of the voir dire interrogation of the challenged prospective juror. *Clark,* 717 S.W.2d at 915. A prospective juror is properly excused when his views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath. Tex.Code Crim.Proc.Ann. art. 35.-16(b)(3) (Vernon Supp.1994); *Holland v. State,* 761 S.W.2d 307, 315 (Tex.Crim.App. 1988), *cert. denied,* 489 U.S. 1091, 109 S.Ct. 1560, 103 L.Ed.2d 863 (1989). It is the burden of the party seeking exclusion to demonstrate that a strike for cause would be proper. *Hernandez v. State,* 757 S.W.2d 744, 753 (Tex.Crim.App.1988), *overruled on other grounds, Fuller v. State,* 829 S.W.2d 191, 200 (Tex.Crim.App.1992). The need for deference is especially critical when the reviewing court is faced with a record that demonstrates uncertainty in the venireperson's responses. *Goodwin v. State,* 799 S.W.2d 719, 731 (Tex.Crim.App.1990). If a challenge for cause to a certain venireperson is improperly overruled by the trial court and the defense is required to unnecessarily use a peremptory challenge, and later is forced to accept on the jury an objectionable juror because he was deprived of a peremptory challenge, and he has exhausted all of his statutorily assigned peremptory challenges, reversible error is normally indicated unless the court grants an additional peremptory challenge. *Cumbo v. State,* 760 S.W.2d 251, 254 (Tex. Crim.App.1988).

Here, venireman Williams was extensively questioned by defense counsel, the State and the court. The bias that was exposed focused on homosexual behavior and materials depicting that behavior. Williams was quite candid about his beliefs, but nevertheless stated that he could follow the court's charge. Williams' strong feeling about homosexuality, by itself, does not disqualify him in a case involving homosexual material. Williams was asked if he could follow the court's instruction to put aside his personal opinions and to make his decision based upon the average person, and he indicated that he could. While we agree with the trial court assessment that this is a close case, we see nothing in the record which points to an abuse of discretion. We hold that Williams was not biased against T.K.'s as a matter of law. T.K.'s first point of error is overruled.

■ T.K.'s complains in its second point of error that the trial court improperly overruled T.K.'s objection to the court's charge, because it failed to instruct that the jury was required to determine the community standard for obscenity before deciding whether the magazines in this case were obscene. T.K.'s urges it was entitled to such an instruction so the jury would not decide the magazines were obscene before ascertaining what the community found acceptable.

The jury charge in this instance tracked the definition of "obscene" given in section 43.21(1) of the Texas Penal Code and then instructed the jury as follows:

> In deciding whether the material as a whole appeals to the prurient interest and whether the sexual conduct is portrayed in a patently offensive way, the jury must avoid subjective personal and private views in determining community standards and, instead, evaluate what judgment would be made by a hypothetical average adult person applying the collective view of the adult community as a whole.
>
> . . . .
>
> In determining whether or not the material, if any, at issue is obscene, the jury must *first determine whether or not the content of the material affronts contemporary community standards of decency to the point of being patently offensive to the average person in the community.* Next, after examining the whole of the material, you must determine whether or not the average person applying contemporary community standards would find the material appeals to a prurient interest in sex as previously defined. . . . [Emphasis added.]

T.K.'s has cited no authority to the effect that the instructions it requested are to be preferred over the instruction actually included in the court's charge. The sole case upon which T.K.'s relies addresses evidence relevant to community standards, not proper

jury instructions. *See Carlock v. State,* 609 S.W.2d 787, 789 (Tex.Crim.App. [Panel Op.] 1980).

In addition, we find the very issue T.K.'s complains of was covered by the court's charge. We also note that the instruction employed in the instant case has previously been upheld on appeal. *See Johnson v. State,* 760 S.W.2d 797, 800 (Tex.App.—Dallas 1988, no pet.).

Because we find the trial court properly instructed the jury, we overrule T.K.'s second point of error.

The trial court's judgment is affirmed.