# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1699

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Gregory Hill, | * | District of Minnesota. |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted:  February 14, 2001

Filed:  May 1, 2001

_____

Before RICHARD S. ARNOLD, LAY, and HANSEN, Circuit Judges.

_____

LAY, Circuit Judge.

Gregory Hill appeals his conviction for several crimes, including possession with intent to distribute cocaine, felon in possession of a firearm, and possession of a firearm after a misdemeanor conviction for domestic violence.  Hill alleges:  (1) the district court's[1] admission of a past crime under Federal Rule of Evidence 404(b) was erroneous, (2) the prosecutor exercised a peremptory strike against an African-

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, presiding.

American juror for racially discriminatory reasons, and (3) the evidence was not sufficient to support a conviction. We reject Hill's arguments and affirm his conviction.

## I. Background

Belden Coleman, a crack addict and paid informant for the Minneapolis Police Department (MPD), lived in an apartment with another crack user named Angela Ferris. Coleman contacted agents of the MPD, informing them that a drug dealer had stayed the night at Ferris' apartment. Based upon this information, the MPD began surveillance outside the building where Ferris resided and applied for a warrant to search Ferris' apartment. When attempting to execute the warrant, MPD officers saw Hill in the parking lot. Based upon Coleman's identification of Hill as the drug dealer who was staying in Ferris' apartment, the MPD officers arrested Hill. The subsequent search of the apartment revealed a bag containing guns and drugs, which Coleman had identified as Hill's.

Prior to trial, the Government informed Hill that it intended to introduce evidence of Hill's prior drug conviction under Federal Rule of Evidence 404(b). The Government alleged that such evidence was appropriate to show Hill's intent, arguing that intent was at issue because Hill's defense was "basically that the defendant knew nothing of what was in the bedroom." (Pretrial Hearing Tr. at 10.) Hill, relying on a line of cases beginning with United States v. Jenkins, 7 F.3d 803 (8th Cir. 1993), asserted that he would not make his intent an issue in the trial: "We do not intend to put the defendant's thoughts or mental status into contest at all in the case . . . . We intend to limit the scope of our defense so as to not raise any issue concerning mental state." (Pretrial Hearing Tr. at 12.) Eventually, the trial court allowed the introduction of the past crime under Rule 404(b) because Hill's defense was essentially: (1) a general denial, which required the Government to prove all the elements of the crime including intent, and (2) an allegation that his presence in the parking lot was fortuitous

– he was in "the wrong place at the wrong time." (Trial Tr. at 455.) The district court believed intent was at issue and admitted the evidence of the past crimes.

## II. Discussion

### A. Admission of Hill's Past Crime Under Rule 404(b)

When applying Rule 404(b),[2] a court must first ask whether the past crime evidence is "probative of a material issue other than character." Huddleston v. United States, 485 U.S. 681, 686 (1988). If the evidence goes to an issue other than character, such as intent, motive, etc., the court then asks whether Federal Rule of Evidence 402's relevancy requirement is met and whether the probative value of the evidence is substantially outweighed by the prejudicial effect under Federal Rule of Evidence 403. See Huddleston, 485 U.S. at 686-87.[3] While we generally review the admission of Rule 404(b) evidence for abuse of discretion, the admission of such evidence that is "premised upon an erroneous interpretation of the law is an abuse of discretion." United States v. Thomas, 58 F.3d 1318, 1321 (8th Cir. 1995).

---

[2]Federal Rule of Evidence 404(b) provides in part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

[3]The Eighth Circuit has enumerated other elements in Rule 404(b) analysis, such as whether the past crimes are similar in kind and time to the issue in question. See United States v. Turner, 104 F.3d 217, 222 (8th Cir. 1997). Hill's appeal, however, does not challenge these elements.

The issue we face is whether, given Hill's attempt to circumscribe his defense, the district court abused its discretion by admitting the past crime. This is an issue that has divided the circuits and has led to a good deal of confusion. See 2 J. Weinstein & M. Berger, Weinstein's Federal Evidence § 404.22(1)(b) n.13 (Joseph M. McLaughlin ed., 2d ed. 2000) (listing the different circuit approaches).

In Jenkins, 7 F.3d 803, this circuit adopted the rule in United States v. Colon, 880 F.2d 650 (2d Cir. 1989), holding that a defendant who "unequivocally" claims not to have "commit[ted] the acts charged against him" has not placed intent into issue such that his past crimes can be admitted to show intent. Jenkins, 7 F.3d at 807. Although, strictly speaking, a plea of not guilty requires the Government to prove the defendant's intent to commit the crime, the rationale for this rule is that "in some circumstances, the nature of a defense put forth by the defendant may reveal that knowledge and intent, while technically at issue, are not really in dispute." Colon, 880 F.2d at 656 (quotations omitted). Past crimes evidence showing intent would be appropriate if the defendant challenges intent, such as when a defendant claims he "did the act innocently or mistakenly," but not where the defendant claims he "did not do the charged act at all." Id. at 657.[4]

We believe, however, that subsequent Supreme Court decisions may have overruled the Jenkins line of cases.[5] In United States v. Crowder, 87 F.3d 1405, 1409 (D.C. Cir. 1996) (Crowder I), the D.C. Circuit, relying on the Second Circuit's

---

[4]Subsequent cases in this circuit have limited the Jenkins rule. See e.g., Thomas, 58 F.3d at 1322. ("Jenkins merely stands for the unremarkable proposition that Rule 404(b) evidence is not admissible when the defense is circumscribed with sufficient clarity to avoid raising the issue of mental state.") (quotations omitted).

[5]This court noted the subsequent Supreme Court precedent in United States v. Spence, 125 F.3d 1192, 1194 n.2 (8th Cir. 1997), but did not have to reach the issue of whether the Supreme Court precedent overruled Jenkins.

-4-

approach, held that "a defendant's offer to concede knowledge and intent" eliminates the need for Rule 404(b) past crime evidence offered to prove defendant's intent. The Supreme Court granted the Government's petition for a writ of certiorari on the question of whether a defendant may foreclose Rule 404(b) evidence relevant to intent by stipulating that element of the offense. The Supreme Court reversed and remanded Crowder I for further consideration in light of Old Chief v. United States, 519 U.S. 172, 117 S. Ct. 644, 136 L.Ed.2d 574 (1997). See United States v. Crowder, 519 U.S. 1087 (1997).

The defendant in Old Chief was accused of being a felon in possession of a firearm. Old Chief, 519 U.S. at 174. The defendant sought to avoid the Government's introduction of his past assault felony by stipulating to his felon status. Id. at 175. The Government refused to stipulate and the evidence of the past crime was admitted. On appeal, the Supreme Court had to determine whether the evidence of the past crime was properly admitted in the face of defendant's offer to stipulate to his status as a felon. Old Chief's holding rested on Federal Rule of Evidence 403, which authorizes trial courts to exclude evidence if its "probative value is substantially outweighed by the danger of unfair prejudice." Before discussing Rule 403, however, the Court had to deal with the defendant's argument that his offer to stipulate to the past crime made any evidence of the past crime irrelevant, and thus inadmissable under Rule 402. See Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."). The Supreme Court rejected this argument. The Court held the relevance of evidence does not depend on whether the "fact to which the evidence is directed" is in dispute. Old Chief, 519 U.S. at 179 (quotations omitted).

Despite the relevance of the evidence, the Supreme Court ruled that it was inadmissable under Rule 403. The Court explained that the district court was presented with two pieces of evidence: the defendant's offer to stipulate to his status as a felon, and the official record of defendant's conviction that the prosecution sought to introduce. The Court noted that each piece of evidence had nearly identical probative

value – each was an abstract statement of defendant's status as a felon. See id. at 190. But unlike the stipulation, the official record of defendant's conviction included a substantial risk that the jury would be prejudiced by knowing the defendant was involved in a past assault. See id. at 185. Since the probative value of each piece of evidence was identical, and the prejudicial effect of the official record was much greater than the stipulation, the Supreme Court held that the record of the defendant's past conviction could not be introduced in the face of the defendant's offer to stipulate. Id. at 186, 191-92.

The majority recognized, however, that its decision was a narrow one and did not eliminate the standard rule that "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." Id. at 186-87. The key distinction between the facts of Old Chief and the general rule was that Old Chief involved "an abstract premise, [i.e., defendant's status as a felon,] whose force depends on going precisely to a particular step in a course of reasoning." Id. at 187. Unlike an abstract status as a felon, conventional evidence "tells a colorful story with descriptive richness . . . . [T]hus [it] has a force beyond any linear scheme of reasoning." Id.

On remand, the D.C. Circuit believed that the original holding of Crowder I was overruled by Old Chief. See United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc) (Crowder II). As the court explained, Rule 404(b) acts as a theory of admissibility, enunciating permissible inferences for which past crimes can be admitted, such as intent or motive. Id. Since Old Chief squarely holds that evidence does not lose its relevance under Rule 401 simply because a defendant offers to stipulate to the fact at issue, it follows that Rule 404(b) evidence does not lose its relevance toward a permissible inference simply because the defendant offers to stipulate to that inference. Id. Crowder II also held the evidence could not be excluded on Rule 403 grounds. Each of the Justices agreed in Old Chief that a stipulation does not have the same "evidentiary value as the government's proof," Id. at 1207, but the Crowder I decision

-6-

forced the government to accept an "abstract stipulation[]" over "concrete evidence of the defendants' actions giving rise to natural and sensible inferences." Id. at 1208. Given Old Chief's recognition of the different evidentiary effect of a stipulation and actual evidence, the D.C. Circuit believed that neither Rule 402 nor 403 barred the introduction the Rule 404(b) evidence.

Despite the vigorous dissent in Crowder II, several other circuits have recognized that Old Chief eliminates the possibility that a defendant can escape the introduction of past crimes under Rule 404(b) by stipulating to the element of the crime at issue. See United States v. Williams, 238 F.3d 871, 876 (7th Cir. 2001) ("We believe that . . . Old Chief counsels that a defendant's offer to stipulate to an element of an offense does not render inadmissable the prosecution's evidence of prior crimes to prove elements such as knowledge and intent."); United States v. Bilderbeck, 163 F.3d 971, 977-78 (6th Cir. 1999); United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997).

In line with Crowder II, we believe that Old Chief has overruled, or at least substantially limited, the Jenkins' line of cases. Hill's attempt to remove intent as an issue in the case did not lift the Government's burden of proving Hill's intent.[6] As the court in Crowder II noted, Rule 404(b) acts as a theory of admissibility, specifying purposes for which past evidence is admissible. Crowder II, 141 F.3d at 1206. Since intent is one of those valid purposes, and the parties do not dispute that the past crime is relevant to show Hill's intent, the admission of the past crime meets Rule 404(b)'s relevancy test.

_____

[6]We note that Hill offered to stipulate to the element of intent during trial. (Trial Tr. at 390.) Further, Hill circumscribed his defense to eliminate intent as a serious issue in the case.

As we noted earlier, however, evidence that meets Rule 404(b)'s relevancy test is still subject to Rule 403 balancing. See Huddleston, 485 U.S. at 687-88. Given the Supreme Court's decision in Old Chief, we believe this evidence meets Rule 403's balancing test. Hill's past crime was not introduced to show his status as a felon, as was the past crime in Old Chief. Thus, the rationale for the limited rule of Old Chief disappears, as Hill's stipulation "cannot give the Government everything the evidence could show." Crowder II, 141 F.3d at 1207 (quotations omitted). The "evidentiary account" of Hill's past crimes "can accomplish what no set of abstract statements ever could" since "[a] syllogism is not a story, and a naked proposition in a courtroom may be no match for the robust evidence that would be used to prove it." Old Chief, 519 U.S. at 187, 189. The Court's concern that jurors who hear a stipulation "may well wonder what they are being kept from knowing" applies in this case. Id. at 189. Evidence of Hill's past crimes goes to his intent to commit the drug crimes, an element that is "at the core of the offenses charged in the case[] before us." See Crowder II, 141 F.3d at 1207. Contrast this to the proof of status at issue in Old Chief that is "wholly independent of the concrete events of the charged crime." Id. (quoting Old Chief, 519 U.S. at 1207) (quotations omitted).

Admittedly, the past crimes evidence is remote in time from the criminal acts with which Hill was charged. Thus, the concerns of the Old Chief Court are not as fully present as they would be if Hill stipulated to the issue of intent to render inadmissable the prosecution's direct evidence of his intent to commit the charged crime. But as the Crowder II court noted: "[e]vidence about what the defendant said or did at other times can be a critical part of the story of a crime, and may be introduced to prove what the defendant was thinking or doing at the time of the offense." Crowder II, 141 F.3d at 1207. In enacting Rule 404(b), Congress determined that past crime evidence can be a part of the story of defendant's criminal behavior, so long as it is used to prove some issue, such as intent, other than the defendant's criminal predisposition to commit criminal acts. See Bilderbeck, 163 F.3d at 977 n.10 ("The intent with which a person commits an act on a given occasion can

many times best be proven by testimony or evidence of his [prior] acts . . .").  While Old Chief's concerns about forcing the Government to accept a defendant's stipulation of an element of a crime in place of actual evidence  may not strike with the same force in the case of Rule 404(b) evidence, such evidence is still related to the story of the defendant's criminality in a way that the pure status evidence in Old Chief was not. See Crowder II, 141 F.3d at 1208.

For these reasons, we believe the admission of Rule 404(b) evidence against Hill was not error.  The evidence was relevant to show Hill's intent, thus it passed Rule 404(b)'s relevancy test.  Based upon the Supreme Court's decision in Old Chief, this evidence also satisfied Rule 403's balancing test.  We therefore affirm the district court's admission of this evidence.

## B.  Exclusion of African-American Juror

Hill next argues that the Government improperly used peremptory challenges to strike an African-American juror based on her race in violation of Batson v. Kentucky, 476 U.S. 79 (1986).  Under Batson, a party alleging the prosecution's racially discriminatory use of peremptory challenges must first make a prima facie case of discrimination.  Purkett v. Elem, 514 U.S. 765, 767 (1995).  This can be done by showing circumstances that give rise to a reasonable inference of racial discrimination. See United States v. Battle, 836 F.2d 1084, 1085 (8th Cir. 1987).  The burden then shifts to the Government to articulate a race-neutral reason for the use of the challenge. Purkett, 514 U.S at 765.  If the Government tenders such an explanation, the court must then determine whether purposeful racial discrimination has been proven or whether the prosecutor's explanation was mere pretext.  Id.  The district court's findings regarding pretext are findings of fact, which we review for clear error.  Devoil-El v. Groose, 160 F.3d 1184, 1186 (8th Cir. 1998).

The Government used its peremptory challenges to remove two African-Americans from the jury pool. Hill did not challenge the removal of the first, since she had two brothers who were in prison. Hill did challenge the second removal. The prosecutor's reason for dismissing the juror was the juror's participation in church activities during her leisure time. The Government explained that the prosecutor believed that this juror might be overly sympathetic toward criminal defendants. The court concluded that the Government's actions were not discriminatory. Defendants did not argue to the district court that similarly situated white jurors were not challenged. The district court was in the best position to evaluate the truthfulness of the asserted explanation of the prosecutor, and Hill has not shown that the court clearly erred in rejecting his challenge. See United States v. Martinez, 168 F.3d 1043, 1047 (8th Cir. 1999) (prosecutor's dismissal of only minority juror not clearly erroneous when proffered reason was juror's marital status, age, and that her "body position and eye contact during voir dire suggested an attitude unfavorable to the government."); United States v. Seals, 987 F.2d 1102, 1108-09 (5th Cir. 1993) (holding prosecutor's dismissal of potential juror because of extensive Bible reading in free time was an appropriate race-neutral explanation.).

## C. Sufficiency of the Evidence

Hill next argues that there was insufficient evidence to support his conviction. When reviewing the sufficiency of the evidence supporting a guilty verdict, we ask whether the evidence, when viewed in the light most favorable to the Government, could lead a rational trier of fact to find each of the elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Hill points to inconsistencies between the testimony of the crack-addicted witnesses and the police, as well as the inherent unreliability of the crack users. While there may well be a discrepancy, that does not change the fact that two eyewitnesses identified Hill as the drug dealer who stayed the night in Ferris' apartment. Hill's

-10-

arguments amount to an attack on the credibility of Ferris and Coleman. Hill's lawyers had an opportunity to attack the witnesses' credibility, and the jury nevertheless accepted their eyewitness accounts. Witness credibility is within the province of the jury, which we are not allowed to review. See Burks v. United States, 437 U.S. 1, 16-17 (1978) (holding appellate court is without power to reverse a jury's credibility evaluation).

For these reasons we believe that the evidence was sufficient to support Hill's conviction.

### III. Conclusion

We hold that the district court did not err when it introduced Hill's past drug crimes into evidence. We further believe that the district court did not clearly err when it rejected Hill's Batson challenge. Finally, we hold that the evidence was sufficient to support the conviction. We therefore AFFIRM Hill's conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.