Affirmed; Majority, Concurring, and Dissenting Opinions filed September
12, 2002









Affirmed; Majority, Concurring, and Dissenting
Opinions filed September 12, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-01480-CR

____________

 

JERRY A. PETERS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 846,817

 



 

M A J O R I T Y   O P I
N I O N

Appellant Jerry A. Peters was charged with the second degree
felony offense of possession of cocaine, enhanced by two prior
convictions.  Appellant pleaded not
guilty to the offense and not true to the enhancement paragraphs.  A jury convicted him of the offense, found
both enhancement paragraphs to be true, and sentenced him to twenty-five years’
imprisonment in the Texas Department of Criminal Justice, Institutional
Division.  In a sole issue for review,
appellant complains that the trial court abused its discretion in admitting two
extraneous offenses in violation of the Texas Rules of Evidence.  For the reasons set forth below, we affirm.








Factual and Procedural Summary

Appellant was arrested in a motel room where cocaine was
discovered in plain view.  At trial,
appellant conceded to possession of the cocaine, but challenged the seizure of
the cocaine, claiming that the police officers did not have consent to enter
the motel room.  The jury was instructed
to find appellant not guilty if they found there was no consent given to enter
the motel room. 

As part of a routine investigation, Houston Police Department
Sergeant Collin P. Gerlich went to the Hollywood Inn Motel parking lot to look
for stolen cars.  After entering one of
the car’s license plate numbers into his computer, he received information that
the car had been stolen.  Officers David
Zaunbrecher, Dennis Von Quintus, and Sergeant A.W. Williams of the Houston
Police Department, arrived to assist Gerlich in investigating the charge.  The three officers went to the hotel manager
seeking information about the car and were directed to a hotel room occupied by
appellant and Ms. Peters.  Flanked
closely by Gerlich, Williams knocked on the door and appellant answered
it.  After the officers told appellant
they were looking for his wife, appellant called her to the door.  Ms. Peters came to the door, and appellant
stood approximately three feet behind her. 


Sergeant Williams testified that after he received verbal
permission from Ms. Peters  to enter, he
walked into the motel room behind her. 
As soon as Ms. Peters allowed the officers into the room, appellant
moved away from the door and made a quick sweeping motion with his left hand
near the dresser.  Williams saw what
appeared to be rocks of crack cocaine fly from appellant=s hand.  Appellant then took two quick steps toward
the back of the room, and Williams yelled, “freeze.”  Appellant stopped immediately.

Appellant and Ms. Peters testified they did not consent to
the officers’ entry into the motel room. 
Ms. Peters testified that after appellant called her to the door, she
walked outside immediately, rather than waiting in the doorway.  Immediately thereafter, appellant closed the
door behind her.  Once outside, she
testified that the officers took her into custody, and none of the officers
asked her permission to enter the motel room. 
Appellant testified that after Ms. Peters went outside, he shut the door
firmly behind her and a short time thereafter, Zaunbrecher entered the room
without permission.  

The officers seized the crack cocaine appellant discarded
when they entered the room and arrested him for possession.  Following appellant’s arrest, the officers
searched the motel room and found a large marijuana cigarette and a sawed-off
shotgun.  The shotgun was found in a
bedroom under a bed.  

At trial, the State introduced the marijuana and shotgun into
evidence.  Appellant objected, claiming
the shotgun and the marijuana should not have been admitted into evidence
because, under Texas Rule of Evidence 403, their probative value was
substantially outweighed by the danger of unfair prejudice, confusion of the
issues, and misleading of the jury, and under Texas Rule of Evidence 404(b) the
admission of the shotgun and the marijuana was improper as an extraneous
offense.  The trial court admitted the
evidence over appellant’s objection.  In
a single point of error, appellant contends the trial court erred in admitting
evidence of the marijuana and the shotgun because they were not relevant to the
issue of consent.  We agree.  However, finding the error harmless, we nonetheless
affirm. 

Standard of Review

We review a trial court’s ruling on the admission of evidence
for an abuse of discretion.  See
Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  A trial court abuses its discretion when its
decision is so clearly wrong as to lie outside that zone within which
reasonable persons might disagree.  Webb
v. State, 36 S.W.3d 164, 176 (Tex. App.CHouston [14th Dist.] 2000, pet. ref’d).


Texas Rule of Evidence 403

Appellant alleges, and we agree, that two rules of evidence
control the outcome of our inquiry: 
rules 403 and 404(b).  Tex. R. Evid. 403, 404(b).  Each has a different focus, yet each applies
here.  We look first at Rule of Evidence
403.  It favors the admission of relevant
evidence, but discusses some of the reasons relevant evidence would be
excluded.  Williams v. State, 958
S.W.2d 186, 196 (Tex. Crim. App. 1997). 
The Rule in its entirety is stated as follows:

Although relevant, evidence may be excluded if its
probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury, or by considerations of undue
delay, or needless presentation of cumulative evidence.

 

Tex. R. Evid. 403.

The Rule requires exclusion of relevant evidence if the
probative value of the evidence is outweighed by unfair prejudice.  Id. 
In other words, exclusion of relevant evidence is required under Rule
403 when there is a clear disparity between the degree of prejudice of the
offered evidence and its probative value. 
Jones v. State, 944 S.W.2d 642, 652-53 (Tex. Crim. App. 1996).

In weighing the probative value of offered evidence under
Rule 403, a trial court considers (1) the evidence’s inherent probative value,
(2) its potential to impress the jury in some irrational but indelible way, (3)
the amount of time the proponent needs to develop the evidence, and (4) the
proponent’s need for the evidence.  Wheeler
v. State, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002); Montgomery v. State,
810 S.W.2d 372, 389-90 (Tex. Crim. App. 1990) (opinion on reh’g).








Because appellant did not contest the elements of possession,
and the trial court carried the suppression issue with trial, virtually all of
the testimony and argument centered on the issue of consent.  See Balentine v. State, 71 S.W.3d 763,
773-74 (Tex. Crim. App. 2002) (stating that a defendant is entitled to have a
jury decide suppression issues if there is a factual dispute as to how the
evidence was obtained).  Indeed, it is
plain from the record that the only issue tried by both the defense and the
prosecution was the issue of consent. 
That is, direct-examination and cross-examination of all the witnesses
bore primarily on whether Ms. Peters consented to the officers’ entry into the
hotel room.  And, during summation, the
predominant issue, argued by both appellant and the State, was the issue of
consent.  Both sides understood that
appellant was not contesting the elements of possession; rather, he contested
only the entry.  The probative value of
the shotgun and marijuana was plainly outweighed by the danger of unfair
prejudice.  See Jones, 944 S.W.2d
at 653.








And, in applying the enumerated factors above, we find that
the admission of the shotgun and the marijuana had an “undue tendency to
suggest a decision on an improper basis.” 
See id; Cohn v. State, 849 S.W.2d 817, 820 (Tex. Crim. App.
1993) (stating that unfair prejudice refers to a tendency to suggest a decision
on an improper basis, commonly, an emotional one).  The existence of the shotgun and the
marijuana had little, if any, inherent value as it relates to the issue of
consent to enter the motel room, but it had great potential to impress the jury
in an indelible way.  See Montgomery,
810 S.W.2d at 389-90.  We cannot
think of a reason that the prosecution would need the evidence, other than to
demonstrate, improperly, that appellant and his wife were probably lying on the
stand about the issue of consent. 
Furthermore, if offered to prove the elements of possession, the
evidence too was unfairly prejudicial, misleading, confusing, and cumulative
because appellant admitted to all the elements.[1]  In particular though, it is utterly
irrelevant to the issue of consent, except that it would make it less likely
that appellant or his wife consented to the entry.  In sum, evidence of the shotgun and the
marijuana was not probative to the contested factsCthose surrounding  the officer’s entry into the motel roomCand should not have been admitted. 

Extraneous Offense Evidence

The second evidentiary rule that applies to this case is Rule
404(b) of the Texas Rules of Evidence. 
It prohibits admitting evidence of other crimes, wrongs or acts in an
attempt to prove that these crimes and/or acts exemplify the person=s character and to show that the
person acted in conformity with their character.  Tex.
R. Evid. 404(b).  Thus, although
evidence may be relevant, extraneous evidence is not admissible to prove the
bad character of a person or to show action in conformity therewith.  Id. 
The Rule is intended to ensure that a person is tried for the offense he
has allegedly committedCnot for the type of person he is.  Mayes v. State, 816 S.W.2d 79, 86
(Tex. Crim. App. 1991) (“Evidence of a defendant’s bad character traits
possesses such a devastating impact on a jury’s rational disposition towards
other evidence, and is such poor evidence of guilt, that an independent
mandatory rule was created expressly for its exclusion.”); Albrecht v. State,
486 S.W.2d 97, 100 (Tex. Crim. App. 1972) (noting that an accused is entitled
to be tried on the accusation made in the State=s pleading and not for some
collateral crime or for being a criminal generally).  The Court of Criminal Appeals has
consistently acknowledged that the introduction of extraneous offenses to the
jury is inherently prejudicial, because it requires the defendant to defend
against not only the offense charged, but also his uncharged actions.  Abdor v. State, 871 S.W.2d 726, 738
(Tex. Crim. App. 1994).  








However, Rule 404(b) provides that extraneous offense
evidence may be admissible for other purposes, such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of
mistake or accident.  But, because
appellant admitted to all elements of the crime charged, none of these
exceptions was at issue here.[2]
 See Johnson v. State, 68 S.W.3d
644, 650-51 (Tex. Crim. App. 2002) (finding that identity must be an issue in
the case for extraneous offense evidence to be admissible).  Therefore, the marijuana and shotgun were not
admissible under the stated exceptions to Rule 404(b) because the extraneous
evidence was not needed to show motive, intent, preparation, plan or knowledge.  See Castaldo v. State, 78
S.W.3d 345, 351 (Tex. Crim. App. 2002) (finding evidence relevant to show
knowledge, the contested issue in the case); Vasquez v. State, 67
S.W.3d 229, 239-40 (Tex. Crim. App. 2002) (concluding extraneous evidence was
admissible to show motive); Wheeler v. State, 67 S.W.3d at 888 (finding
extraneous evidence admissible because issue of whether offensive touching had
actually occurred was a “hotly contested issue”); Powell v. State, 63
S.W.3d 435, 439 (Tex. Crim. App. 2001) (explaining that bad character evidence
may be admissible to a fact of consequence, such as rebutting a defensive
theory).

The type of evidence that does not violate Rule 403(b) directly
relates to a fact of consequence in the case. 
Powell, 63 S.W.3d at 438. 
An example of this type of evidence would be evidence that rebuts a
defensive theory.  Id.  Here, there was no defensive theory related
to the offense alleged because appellant admitted to the offense alleged.  Appellant did contest consent to search, but
neither of these extraneous offensesChaving a shotgun and marijuanaCdirectly relates to a fact of consequence
in the consent issue.








Nonetheless, the State argues the extraneous offenses were
admissible as “same transaction contextual evidence.”  See Rogers v. State, 853 S.W.2d 29, 32
(Tex. Crim. App. 1993).  Specifically,
the State contends evidence of the marijuana and shotgun was admissible to show
the context in which the crime occurred. 
Indeed, even when character evidence is not relevant to an issue to be properly
proved at trial, it may be admissible as same transaction contextual evidence
when the other crimes or bad acts are so intertwined that testimony cannot be
given regarding one crime or act without the showing of the other(s).  Buchanan v. State, 911 S.W.2d 11, 15
(Tex. Crim. App. 1995) (explaining that same transaction contextual evidence is
evidence when several crimes are intermixed or blended with one another, or
connected so they form an indivisible criminal transaction); Mayes v. State,
816 S.W.2d at 86-87; Taylor v. State, 420 S.W.2d 601, 605-06 (Tex. Crim.
App. 1967).  

This is not one of those cases.  Same transaction contextual evidence is
admissible only when the offense would make little or no sense without also
bringing in the same transaction evidence. 
Wyatt v. State, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000); Pondexter
v. State, 942 S.W.2d 577, 583-85 (Tex. Crim. App. 1996).  Nor do we believe that the evidence of the
shotgun and the marijuana was so intertwined with the issue of consent that the
jury could not understand the testimony without it.  See Garrett v. State, 875 S.W.2d 444,
447 (Tex. App.CAustin 1994, pet. ref’d).  On the contrary, the testimony concerning the
consent of the officers could have been easily understood, and certainly more
clear, without the introduction of the extraneous evidence.  See Wyatt, 23 S.W.3d at 25.  And, it would have been a simple matter to
describe the circumstances surrounding the entry without mentioning the shotgun
under the bed and the marijuana cigarette burning in the ashtray.  See Mayes, 816 S.W.2d at 86 n.4.  In short, because the evidence did not
directly relate to a fact of consequence in the case and was intended to prove
that appellant acted in conformity with a (bad) character, the evidence fell
within Rule 404(b)=s prohibition. 
Moreover, the shotgun was not necessary to the jury’s understanding of
the offense or the circumstances concerning the entry; it was not admissible as
an exception under Rule 404(b).  The
trial court erred in admitting the evidence.[3]

Harm Analysis

Even though we have decided the court erred in admitting the
evidence, our inquiry does not end there. 
Any error other than constitutional error that does not affect a
substantial right must be disregarded.  Tex. R. App. P. 44.2(b).  The erroneous admission of an extraneous
offense does not constitute constitutional error.  Avila v. State, 18 S.W.3d 736, 741-42
(Tex. App.CSan Antonio 2000, no pet.).  The substantive right affected by the
admission of an extraneous offense is the right to a fair trial.  See Garza v. State, 963 S.W.2d 926,
931 (Tex. App.CSan Antonio 1998, no pet.). 

An error affects a substantial right when the error had a
substantial and injurious effect or influence on the jury’s verdict.  King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997).  If the error had
no influence or only a slight influence on the verdict, it is harmless.  Johnson v. State, 967 S.W.2d 410, 417
(Tex. Crim. App. 1998).  However, if we
harbor “grave doubts” the error did not affect the outcome, we must treat the
error as if it did.  See Webb v. State,
36 S.W.3d at 182-83. 

In assessing the likelihood that the error adversely affected
the jury’s decision, we consider everything in the record, including all
testimony and evidence admitted for the jury’s consideration, the nature of the
evidence supporting the verdict, the character of the alleged error, and how
the error might have been considered in connection with other evidence in the
case.  See Morales v. State, 32
S.W.3d 862, 867 (Tex. Crim. App. 2000). 
We may also consider the State’s theory of the case, any defensive
theories, closing arguments, and voir dire. 
See id.  

The State has alleged that, if the court erred in admitting
extraneous offenses, the error was harmless. 
After examining the record in its entirety, we have to agree; we cannot
say that the trial court=s erroneous admission of the extraneous offense evidence
warrants reversal.  








It is true that when the trial court admits evidence of an
extraneous offense as irrelevant evidence of character conformity, the
defendant=s right to a fair trial is
affected.  See Macias v. State,
959 S.W.2d 332, 340 (Tex. App.CHouston [14th Dist.] 1997, pet. ref=d). 
And, here, it appears that the evidence was admitted for the sole
purpose of damaging appellant’s credibility. 
Specifically, in summation, the prosecutor stated four times that the
officers had found a “large amount of crack cocaine, marijuana, and a sawed-off
shotgun” in the motel room. 
Additionally, the prosecutor argued to the jury as follows: 

You are the judges of the credibility of the
witnesses.  That’s your job.  And it’s your job to  weigh the stories you heard and to decide
which of them is telling the truth.

* * * *

The only issue in this case is whether or not they had
consent to go into that motel room.  The
only issue is whether or not [Ms. Peters] did agree to let them in, and that=s it.  You got
an easy job.  That=s all you have to decide today.  

 

What else do we know about the defendant?  We’re talking credibility here.  We know he has got three prior felony
convictions, we know he is on parole, we know he is [sic] committed numerous
parole violations. He testified to all those up there on the witness stand when
he took the stand.  He admitted that the
crack cocaine was his, to having a large amount of crack cocaine in his
possession, and the marijuana.  We also
know that the defendant, he is a felon, had a sawed-off shotgun in his motel
room.  We know all this.  Who are you going to believe? 

 

The State’s closing was clearly improper.  However, we do not harbor grave doubts that
the error affected the outcome of the trial. 
See Webb, 36 S.W.3d at 182-83. 
Despite the stress placed on the shotgun and the marijuana, other
admissible evidence may have persuaded the jury to convict appellant.  Namely, appellant admitted (1) to having
three prior felony convictions and a misdemeanor conviction, (2) to being on
parole when he was arrested, and (3) to being under the influence of narcotics
when arrested.  See King, 953
S.W.2d at 271.  With this plethora of bad
facts in evidence against appellant, we cannot say that the use of the shotgun
and marijuana cigarette had a substantial and injurious effect or influence on
the jury’s verdict. 








For these reasons, we affirm the judgment of the trial
court.  

 

/s/        Wanda McKee Fowler

Justice

 

 

Judgment rendered and Majority, Concurring, and
Dissenting Opinions filed September 12, 2002.

 

Panel consists of Chief Justice Brister and Justices
Fowler and Seymore.  (Brister, C.J.
concurring; Seymore, J. dissenting.)

 

Publish C Tex.
R. App. P. 47.3(b).








Affirmed; Majority, Concurring, and Dissenting
Opinions filed September 12, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-00-01480-CR  

____________

 

JERRY A.  PETERS, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 




 
 
 
 
 
 
 
 
 
 
 
 
 
  
 




On Appeal from the
178th District Court

Harris County, Texas

Trial Court Cause
No.  846,817




 
 
 
 
 
 
 
  
  
 
 
 
 
 
  
 







 
 
 
 
 
 
 
 
 
 
 
 
 
  
 




 

C O N C U R R I N G    O P I N I O N

I disagree with
the Court that admission of the contested evidence in this case was error.  Sometimes the rules of evidence require us to
say APay no attention to that sawed-off shotgun within
easy reach.@  Normally, we
should hesitate to do so, both because we 








are not the ones who must face the consequences of a
mistake, and because it may interfere with jurors’ expectations.[1]  But because the Court finds this alleged
error to be harmless, I concur in its judgment.




The Relevance to the Charge

I disagree that
appellant did not contest possession in this case. He did not plead guilty, nor
did he stipulate to a single element of the prosecution’s case.  Defense counsel=s
statement during voir dire that appellant did not contest the possession charge
was not evidence, and did not relieve the State of its burden of proof.  See Harris v. State, 784 S.W.2d
5, 26 (Tex. Crim. App. 1989) (reiterating that statements made in voir dire are
not evidence); Tex. Crim. Proc.
Code  art. 1.15 (requiring State to produce evidence on each element in
felony guilty pleas); see also Bigby v. State, 892 S.W.2d 864,
883 (Tex. Crim. App. 1994) (finding extraneous offense evidence admissible to
meet State=s burden of proof despite defendant=s insanity defense). 
Nor could appellant=s testimony limit the State=s evidence, as his concession came after the
contested evidence was offered during the State=s
case-in-chief.

At the end of the
trial, the court charged the jury to decide whether appellant was guilty of
possession of cocaine.[2]  The jury was instructed to acquit if consent
to search or any element of the possession charge was not proved beyond
a reasonable doubt.  The challenged
evidence was certainly relevant to the latter.








Appellant=s possession of the shotgun was admissible to prove
he knew the cocaine was illicit, and knowingly possessed it.  See, e.g., Johnigan v. State,
69 S.W.3d 749, 755-56 (Tex. App.CTyler
2002, pet. ref’d) (finding possession of gun relevant to show control and
dominion over cocaine); Hawkins v. State, 871 S.W.2d 529, 541 (Tex. App.CFort Worth 1994, no pet.) (same); Levario v.
State, 964 S.W.2d 290, 296B97 (Tex. App.CEl
Paso 1997, no pet.) (finding evidence of handgun admissible to show defendant=s willingness to protect narcotics).  The presence of the shotgun and marijuana is
also admissible to prove appellant’s knowledge of and control over the
cocaine.  See Hyett v. State, 58
S.W.3d 826, 830 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d) (listing presence of other contraband as “affirmative
link” from which to infer knowledge and control); Levario, 964 S.W.2d at
295 (considering presence of marijuana in sufficiency review); see also Moore
v. State, 983 S.W.2d 15, 21 (Tex. App.CHouston
[14th Dist.] 1998, no pet.) (finding previous drug activity admissible to prove
identity).  Alternatively, given the
connection in time and location between the shotgun and the cocaine, this
evidence was admissible as same-transaction contextual evidence.  See Malone v. State, 849 S.W.2d 414,
420 (Tex. App.CBeaumont 1993, no pet.) (holding handgun found in
search of car after arrest was relevant res gestae evidence); United States
v. Killian, 639 F.2d 206, 211 (5th Cir. 1981) (finding pistols were “inextricably
intertwined” with rest of offense); State v. Rodriguez, 781 So. 2d 640,
645 (La. Ct. App. 2001) (finding gun was relevant to provide narrative
completeness). 

Evidence does not
become irrelevant merely because it could be proved some other way, such as by
an admission by the defendant.  Old
Chief v. United States, 519 U.S. 172, 179, 117 S. Ct. 644, 649 (1997).  Nor does it become irrelevant just because it
is undisputed.  Id.  A defendant cannot avoid the full force
of the facts by selectively stipulating to some of the evidence.  Id. at 186B87.  The
prosecution must prove its case, and may do so even if the defendant would
prefer a more antiseptic version.  See
United States v. Hill, 249 F.3d 707, 712 (8th Cir. 2001) (admitting
extraneous evidence of intent despite offer to stipulate); see also United
States v. Tan, 254 F.3d 1204, 1213 (10th Cir. 2001).  








It is true a
defendant may force the State to stipulate to jurisdictional facts unrelated to
the facts of the alleged crime, if the probative value is outweighed by
potential prejudice.  Old Chief,
519 U.S. at 190, 117 S. Ct. at 654B55
(holding that in prosecution of felon for possessing a firearm, government was
required to accept stipulation of felon=s
status rather than offer proof of nature of prior felony); Robles v. State,
No. 1305-00, 2002 WL 893213 (Tex. Crim. App. May 8, 2002) (holding that in
prosecution for third or subsequent DWI, State was required to accept
stipulation that defendant had two prior convictions rather than offer proof of
prior convictions).  But this case
involved neither proof of jurisdictional facts nor a defendant’s offer of a
stipulation.  Thus, I would hold the
evidence was relevant and admissible.  

The Relevance to Consent

Even if the only
issue in the case had been consent to the search, I believe the challenged
evidence was still admissible.  Appellant
signed a written statement at the scene that included several excuses for what
occurredCblaming the presence of crack cocaine on his
uncontrollable drug addiction, stating that he did not know the car under
investigation had been reported stolen, and asserting the gun under the bed
belonged to “a friend.”  But as the
prosecutor argued throughout the case, appellant mentioned nothing in the
statement about improper entry of the room. 
Although defense counsel argued this omission was because appellant was “not
a lawyer,” appellant admitted he had gained rather extensive personal knowledge
of criminal law and police procedures from his prior experiences with the
justice system, and did not lock the motel room door because he knew the police
could not enter without a warrant. 
Excluding all references to the shotgun (including appellant’s excuses)
would have weakened the State’s argument that appellant did not mention
unauthorized entry into the room in his statement because he made it up later.

Second, the State=s offer of appellant’s entire statement bore on the
credibility of the police.  The statement
was signed by appellant but written out by one of the police officers.  Admission of appellant=s statement with all its exculpatory explanations
(including his denial that the shotgun was his) was relevant to show the police
were telling the truth, not that appellant was lying.








Further,
throughout the trial the defense sought to portray the police as men who would
do anything to get access to the motel room. 
The police testified they sought entry only for Ms. Peters=s privacy and their own safety.  Defense counsel questioned whether they
really believed it was better to interview Ms. Peters in the motel room rather
than outside, or at the police station. 
On this question, the presence of the hidden shotgun gave vivid
confirmation to the officer=s testimony that routine precautions precluded
standing outside an occupied motel room without knowing who or what might be
inside.

Finally, defense
counsel opened the door to the challenged evidence by offering proof that a can
and razor blade were found in the room, and suggesting that the crack cocaine
was for personal use, not sale.[3]  Although appellant was not charged with
distribution, apparently his counsel offered this evidence (though not directly
relevant) to make sure the jurors did not assume otherwise.  In these circumstances, the State should be
allowed to offer the presence of gun, which might suggest some activity other
than recreational use.  See Menefee v.
State, 928 S.W.2d 274, 277 (Tex. App.CTyler
1996, no pet.) (finding presence of pistol probative of whether defendant was
conducting narcotics operation).

Harmless Error and the Final Argument

Our respected
dissenting colleague would hold the trial court=s
admission of this evidence was not harmless because it was used for the sole
purpose of damaging appellant=s credibility. 
As shown above, I do not believe that was the case.  Moreover, I agree with the Court that it
likely had no effect on the verdict. 
Appellant admitted three prior felony convictions:  unauthorized use of a motor vehicle, auto
theft, and burglary of motor vehicle.  He
also volunteered a recent conviction for misdemeanor marijuana possession.  His wife admitted prior convictions for
forgery and possession of a controlled substance.  Appellant also admitted he was under the
influence of narcotics when the occurrence took place, and was trying to
dispose of the 25 to 30 rocks of crack cocaine when the officers Aburst@ into
the room.  In sum, there were many
uncontested reasons to doubt the Peters=s
testimony besides the presence of marijuana and a shotgun.








The prosecutor did
mention these matters in closing argument, but only in response to an argument
by appellant’s counsel.  In his closing,
defense counsel argued the jury could sustain his constitutional claim without
fear of harm to the community because Amy
client is not going anywhere because the parole board will still have
jurisdiction over him.@  In response,
the prosecutor pointed out appellant admitted possessing and using crack cocaine,
marijuana, the shotgun gun, and alcohol C
all of which were violations of his conditions of parole.  Given the defense argument, I believe it only
fair for the State to respond that supervision by the parole board had little
effect on appellant’s behavior in the past. 

 

For these reasons,
I join the Court in affirming the trial court’s judgment.

 

 

/s/        Scott
Brister

Chief Justice

 

 

Judgment rendered and Majority, Concurring and Dissenting Opinions filed
September 12, 2002. 

 

Panel consists of Chief Justice Brister and Justices Fowler and Seymore.

 

Publish C Tex. R. App. P. 47.3(b).

 








Affirmed; Majority, Concurring, and Dissenting
Opinions filed September 12, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-01480-CR

____________

 

JERRY A. PETERS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 846,817

 



 

D I S S E N T I N G   O
P I N I O N

I respectfully dissent.








The court correctly concludes that counsel for the State,
over proper and timely objection by counsel for the accused, presented evidence
that was not relevant and the probative value of such evidence was plainly
outweighed by the danger of unfair prejudice. 
 I would conclude that erroneous
admission of such evidence is harmful error, especially after counsel for the
state mentioned the evidence four times during closing argument.  It is my considered opinion that this error
had a substantial and injurious effect or influence on the jury’s determination
of a twenty-five year sentence.  See King
v. State, 953 S.W. 2d 266, 271 (Tex. Crim. App. 266, 271); Kotteakos v.
U.S., 328 U.W. 750, 766, 66 S. Ct. 1239, 12153, 90 L. Ed. 1557 (1946).  Accordingly, I would reverse the judgment of
the trial court and remand this case for a new trial.

 

/s/        Charles W.
Seymore

Justice

 

 

Judgment rendered and Majority,
Concurring, and Dissenting Opinions filed September 12, 2002.

 

Panel consists of Chief Justice Brister and Justices Fowler and Seymore.

 

Publish C Tex.
R. App. P. 47.3(b).

 

 











[1]         We acknowledge the concurring opinion’s
position that the evidence was properly admitted because the State had the
burden to produce evidence for each element of the crime charged.  However, in our case, where the defendant is
admitting to the elements from the outset of trial and, even takes the stand
and admits to the charged offense, it makes little difference in the
application of Rules 404(b) and 403 whether the burden is on the State because
the State has sufficient evidence to meet its burden without the introduction
of the irrelevant bad character evidence. 





[2]         We have reviewed the cases cited by the
concurring opinion concluding the evidence was admissible under 404(b), and
find them either distinguishable (because the defendant in each of those cases
denied the offense charged), or the authority was simply taken out of
context.  





[3]         The State contends that “[e]ven if there
had been no consent, Sergeant Williams was justified in entering the motel room
because exigent circumstances were present; specifically, he perceived a danger
to himself when he observed appellant make a quick move turning to the back of
the room.”  Not only was the jury not
asked to consider exigent circumstances, but the police officers who testified
at trial stated the exigent circumstances, if any, occurred after Ms. Peters
gave her consent to enter the motel room. 
Because the issue of exigent circumstances was not before the jury or
included in the charge, the State could not introduce evidence of extraneous
offenses to show such circumstances.  See
generally, Tex. R. Evid. 401
& 404(b). 





[1]             “If suddenly the prosecution presents some occurrence in
the series [of its proof] differently, as by announcing a stipulation or
admission, the effect may be like saying, ‘never mind what’s behind the door,’
and jurors may well wonder what they are being kept from knowing.  A party seemingly responsible for cloaking
something has reason for apprehension, and the prosecution with its burden of
proof may prudently demur at a defense request to interrupt the flow of
evidence telling the story in the usual way.” 
Old Chief v. United States, 519 U.S. 172, 189, 117 S. Ct. 644,
654 (1997).

 





[2]             In fact, the only narrowing of
issues in the charge was the admonition to the jury to “restrict your
deliberations solely to the issue of guilt or innocence of the defendant.”  





[3]             There was conflicting testimony
whether the amount of cocaine found was very large (thus suggesting intent to
sell) or rather ordinary (thus suggesting only personal use).