# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1998

_____

United States of America,            *
                                     *
            Appellee,                *
                                     *     Appeal from the United States
      v.                             *     District Court for the
                                     *     Eastern District of Missouri.
Orlando Dorsey,                      *
                                     *
            Appellant.               *

_____

Submitted: January 15, 2008
Filed: April 24, 2008

_____

Before WOLLMAN and SMITH, Circuit Judges, and GRITZNER,[1] District Judge.

_____

WOLLMAN, Circuit Judge.

Orlando Dorsey was convicted by a jury of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). Before trial, the government moved to admit evidence under Federal Rule of Evidence 404(b) that Dorsey had been convicted in 1996 of five counts involving the possession of heroin and the possession, trafficking, and sale of cocaine base. Dorsey's proposed defense in the present case was that the drugs were planted on him by the police. Accordingly, he offered to stipulate the fact of the requisite intent if the jury found that he possessed

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

the heroin and argued that the prosecution should be prohibited from admitting his prior convictions under the holding in Old Chief v. United States, 519 U.S. 172 (1997). It is from the district court's refusal to exclude the proffered Rule 404(b) evidence that Dorsey now appeals. We affirm.

We review decisions regarding the admissibility of evidence under an abuse of discretion standard. United States v. Claxton, 276 F.3d 420, 422 (8th Cir. 2002). Rule 404(b) "is a rule of inclusion, such that evidence offered for permissible purposes is presumed admissible absent a contrary determination." United States v. Johnson, 439 F.3d 947, 952 (8th Cir. 2006).

Evidence of prior crimes admitted under Rule 404(b) must be offered for a material issue other than to prove the defendant's propensity for bad conduct, must "be similar in kind and close in time to the crime charged," and must "be supported by sufficient evidence to support a finding by a jury that the defendant committed the other act." Johnson, 439 F.3d at 952 (internal quotation omitted). Once these criteria have been met, the district court "asks whether Federal Rule of Evidence 402's relevancy requirement is met and whether the probative value of the evidence is substantially outweighed by the prejudicial effect under Federal Rule of Evidence 403." United States v. Hill, 249 F.3d 707, 710 (8th Cir. 2001). The district court found that the prior crimes were relevant to the material issues of intent and knowledge, were sufficiently similar in kind and sufficiently close in time to the current charge, and were supported by sufficient evidence to warrant admission under Rule 404(b). Dorsey does not challenge any of these findings.[2]

---

[2]Dorsey's brief does touch on the issue of relevance, but it is unclear whether he makes a separate argument that his stipulation of intent made the prosecution's evidence of intent irrelevant, and thus inadmissible under Rule 402. That argument fails. See Hill, 249 F.3d at 712.

Although Dorsey frames his appeal in terms of Rule 404(b), he argues only that his prior crimes should have been excluded under Rule 403, which states in relevant part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Dorsey's argument for excluding his prior convictions under Rule 403 rests on extending the holding in Old Chief to the facts of this case. In Old Chief, the Supreme Court held that when the purpose of evidence is solely to prove the defendant's status as a felon, a district court abuses its discretion under Rule 403 if it refuses a defendant's offer to stipulate to that status in situations in which the admission of the name or details of the conviction create a risk of unfair prejudice. 519 U.S. at 180-92. In the Court's view, proving an abstract legal status, such as that of being a felon, has nothing to do with the story or narrative of the case, so the prosecution suffers no loss of probative value if required to accept the stipulation. Id. at 186-92. Dorsey contends that because his proffered stipulation would achieve an effect identical to the introduction of his prior convictions, the probative value of the full conviction record would be zero, so that any resulting unfair prejudice would necessarily substantially outweigh the non-existent probative value. Accordingly, he argues, the logic of Old Chief should apply here and require that his stipulation be accepted and his prior convictions be excluded under Rule 403.

We conclude that Old Chief's narrow holding that the prosecution must sometimes accept a defendant's stipulation does not apply to this case, for that opinion states that its "holding is limited to cases involving proof of felon status," id. at 183 n.7, and it distinguishes the situations in which prior criminal convictions are admitted under Rule 404(b). Id. at 190. The point to be proved in Old Chief was abstract and completely divorced from the story of the case, id., whereas the issues of knowledge and intent are linked to that story in Dorsey's case. See Hill, 249 F.3d at 713. Because Dorsey's case falls outside the facts, holding, and logic of Old Chief, the district court did not err in refusing to require the prosecution to accept Dorsey's stipulation and in admitting the proffered Rule 404(b) evidence.

In so holding, we note that the district court may have inadvertently overstated our holding in <u>Hill</u> when it expressed its understanding that <u>Hill</u> prohibits the use of Rule 403 to exclude evidence otherwise admissible under Rule 404(b), for <u>Hill</u> expressly states that "evidence that meets Rule 404(b)'s relevancy test is still subject to Rule 403 balancing." <u>Hill</u>, 249 F.3d at 713.

Any misapprehension on the district court's part that <u>Hill</u> deprived it of discretion to make a Rule 403 determination does not affect the outcome in this case. In addition to the fact that Dorsey did not expressly request that the district court make a Rule 403 determination apart from his unsuccessful argument under <u>Old Chief</u>, there exists substantial evidence of Dorsey's guilt. Further, a ruling excluding the government's proffered evidence would have constituted an abuse of discretion in light of the nature of the offense with which Dorsey was charged.

The judgment is affirmed.

_____