PUBLISH

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 2 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellant,

v.

RAYMOND TAN,

　　　　Defendant - Appellee.

No. 00-2300

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. NO. CR-00-13-LH)**

---

James Miles Hanisee, Assistant United States Attorney (Norman C. Bay, United States Attorney, with him on the brief), Albuquerque, New Mexico, for Plaintiff-Appellant.

Ray Twohig, Ray Twohig, P.C., Albuquerque, New Mexico, for Defendant-Appellee.

---

Before **SEYMOUR** , **ANDERSON** , and **KELLY** , Circuit Judges.

---

**ANDERSON** , Circuit Judge.

---

The United States brings this interlocutory appeal pursuant to 18 U.S.C. § 3731 challenging the district court's Memorandum Opinion and Order ("Order") granting Defendant Raymond Tan's Motion in Limine Regarding Other Cases and Charges ("Motion in Limine") which sought the exclusion of evidence of Defendant's prior drunk driving convictions. The government contends that the district court erred as a matter of law in finding that Tan's prior drunk driving record was not offered for a proper purpose under FED. R. EVID. 404(b) and concluding, as a result, that it was more prejudicial than probative under FED. R. EVID. 403. We reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

On May 29, 1999, at about 9:00 a.m., Defendant was driving his pickup truck within the borders of the Navajo Indian Reservation when a collision occurred between his truck and two motorcycles driven by William F. Sliney, Jr., and his son Sean F. Sliney. William was killed instantly and Sean was seriously injured. The parties dispute the nature of the collision, but it appears that it resulted either from Defendant driving his truck into the motorcycles or from driving his truck directly into their path. An intoxilyzer test given to Defendant several hours after the accident indicated that his blood alcohol level was .29.

Through investigation, the government discovered that Defendant had been convicted of driving while intoxicated seven times since 1985. Four of the convictions were in Navajo tribal court and three were in New Mexico state court.[1] On January 4, 2000, a federal grand jury returned a two count Indictment charging Defendant with second degree murder and assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 113(a)(6), 1111 and 1153.

Before trial, Defendant filed his Motion in Limine seeking to exclude all evidence relating to his prior drunk driving convictions. The district court held a hearing on the matter on July 17, 2000 (the "Hearing"), at which the government argued that the prior convictions were being offered to prove that Defendant acted with malice. Defendant argued that the prior convictions were offered to show criminal propensity and were more prejudicial than probative. In addition, he stipulated at the Hearing that he knows that "it's dangerous to other people to drive while intoxicated" (the "Stipulation"). Tr. of Hr'g at 15. The district court, without referring to the Stipulation, granted Defendant's Motion in Limine after finding that the prior drunk driving convictions were not offered for a proper purpose under Rule 404(b) and were more prejudicial than probative under Rule 403.

---

[1]We do not know the exact nature or circumstances of Defendant's prior convictions. However, defense counsel represents that none of them involved vehicular homicide and that only one of them was a felony conviction.

## II. DISCUSSION

In order to prove that Defendant acted with malice aforethought, a required element of the crime of second degree murder, the government must show that he engaged in "conduct which is reckless and wanton, and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." United States v. Wood, 207 F.3d 1222, 1228 (10th Cir. 2000) (quotation omitted). Put another way, the government must show that Defendant knew that his conduct posed a serious risk of death or harm to himself or others, but did not care. The government claims that the prior drunk driving convictions were being offered to make that showing.

Specifically, the government argues that, "the fact that there have been long-standing, repeated warnings to Tan regarding alcohol impaired driving – that he sadly and blatantly disregarded – demonstrates that when he chose to insert the key in the ignition and press his foot to the gas pedal, he simply did not care about the danger he well-knew he posed to other drivers." Appellant's Opening Br. at 19. It argues further that the district court abused its discretion in excluding Defendant's prior drunk driving convictions because its determination that they were not being offered for a proper purpose under Rule 404(b) was erroneous as a matter of law. That error, the government contends, was the basis

-4-

of the court's conclusion that the evidence was more prejudicial than probative under Rule 403. Accordingly, it urges us to find that the district court abused its discretion by excluding the prior convictions because that exclusion was based on an error of law.

Defendant, on the other hand, contends that the district court properly excluded the evidence because the prior drunk driving convictions were "offered to show the Defendant's propensity to violate the law rather than any element of the government's case." Appellee's Answer Br. at 3. Moreover, he argues, the fact that the evidence was not offered for a proper purpose under Rule 404(b) coupled with the Stipulation support the district court's finding that it was substantially more prejudicial than probative under Rule 403. We review the district court's decision to exclude evidence for an abuse of discretion. United States v. Becker, 230 F.3d 1224, 1232 (10th Cir. 2000). "A district court abuses its discretion if its decision is based upon an error of law." United States v. Cherry, 217 F.3d 811, 814 (10th Cir. 2000) (quotation omitted).

Evidence of other bad acts is properly admitted if four requirements are met: (1) the evidence is offered for a proper purpose under FED. R. EVID. 404(b); (2) the evidence is relevant under FED. R. EVID. 401; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice under FED. R. EVID. 403; and (4) the district court, upon request, instructs the jury

-5-

to consider the evidence only for the purpose for which it was admitted. <u>Becker</u>, 230 F.3d at 1232 (citing <u>Huddleston v. United States</u>, 485 U.S. 681, 691-92 (1988)). This appeal focuses on the first and third requirements.

Rule 404(b) and Rule 403 each pose separate and distinct questions, and admissibility under one rule does not govern admissibility under the other. Rule 404(b) presents a narrow threshold inquiry which must be answered before other act evidence can be admitted, namely, whether the evidence is offered for a purpose other than to prove criminal propensity. Questions of probative value versus prejudicial impact are reserved for separate analysis under Rule 403. That analysis is unnecessary if the evidence fails to satisfy the proper purpose requirement of Rule 404(b). Accordingly, we begin with Rule 404(b).

## A. Were Defendant's Prior Drunk Driving Convictions Offered for a Proper Purpose Under Rule 404(b)?

Rule 404(b) provides in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

FED. R. EVID. 404(b). The list of proper purposes is illustrative, not exhaustive, and Rule 404(b) is considered to be "an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition."

United States v. Van Metre, 150 F.3d 339, 349 (4th Cir. 1998) (quotation

omitted).  See also United States v. Segien, 114 F.3d 1014, 1022 (10th Cir. 1997).

Although the text of Rule 404(b) indicates that other act evidence "may" be

admissible for purposes other than to show criminal propensity, its legislative

history makes it clear that Congress did not intend that evidence offered for a

proper purpose under the rule be excluded thereunder:

> [T]he use of the discretionary word "may" with respect to the
> admissibility of evidence of crimes, wrongs, or acts is not intended to
> confer any arbitrary discretion on the trial judge.  Rather, it is
> anticipated that with respect to permissible uses for such evidence,
> the trial judge may exclude it only on the basis of those
> considerations set forth in Rule 403, i.e. prejudice, confusion or
> waste of time.

S. REP. NO. 93-1277 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7051, 7071.  Of

course, the trial judge exercises discretion in determining whether the evidence is

offered for a proper purpose and whether it is relevant. [2]  However, if the other act

evidence is relevant and tends to prove a material fact other than the defendant's

criminal disposition, it is offered for a proper purpose under Rule 404(b) and may

be excluded only under Rule 403.

In its Order, the district court stated, "[d]espite the fact that evidence of

other crimes may sometimes be admissible under Rule 404(b) to prove intent, as

---

[2]"In the Rule 404(b) context, similar act evidence is relevant only if the
jury can reasonably conclude that the act occurred and that the defendant was the
actor." Huddleston, 485 U.S. at 689.

explained below, *I conclude that this is not a proper purpose in this case.* "[3]

Order at 3 (emphasis added). The court's conclusion was based, in large part, on its reading of our pre- Huddleston decision in United States v. Soundingsides, 820 F.2d 1232 (10th Cir. 1987). In that case, the defendant was charged with second degree murder for beating his girlfriend to death. The district court admitted evidence under Rule 404(b) that the defendant had beaten a past girlfriend, though not fatally. Soundingsides, 820 F.2d at 1236. The government stated that the purpose of that other act evidence was to prove intent, namely, the malice element of second degree murder. Id. We held that the admission of that evidence was an abuse of discretion because intent was not a contested issue in the case due to the fact that if the defendant was found to have administered the violent beating which resulted in his girlfriend's death, proof of intent/malice would be shown by the act itself. Id. at 1237.

Soundingsides is distinguishable from this case. Most important, intent is at issue here. In fact, it appears to be *the* issue. [4] In addition, there is no evidence

---

[3]Proving intent is always a proper purpose under Rule 404(b). Other act evidence is barred by Rule 404(b) only if it is offered to show criminal disposition or is irrelevant under Huddleston. See note 2, *supra*. Considerations of its probative value and potential for unfair prejudice are reserved for a separate analysis under Rule 403.

[4]We distinguished Soundingsides on the same basis in United States v. Youts, 229 F.3d 1312, 1319 (10th Cir. 2000), where we held that other act evidence offered to prove intent was offered for a proper purpose under Rule

(continued...)

in this case from which Defendant's malice can be readily inferred other than his numerous prior drunk driving convictions. Finally, because malice was so plainly shown by the charged conduct in Soundingsides , the probative value of the other acts evidence of malice in that case was "inconsequential." Id. Thus, its potential prejudicial effect substantially outweighed its probative value and it was properly excluded, not because it was offered for an improper purpose under Rule 404(b), but because it failed the Rule 403 balancing test. Accordingly, Soundingsides provides no support for the district court's conclusion that the evidence of Defendant's past drunk driving convictions was not offered for a proper purpose under Rule 404(b).

The district court also distinguished cases from the Fourth and Ninth Circuits in which the admission of prior drunk driving convictions was upheld for the purposes of proving malice in second degree murder prosecutions. In United States v. Fleming , 739 F.2d 945 (4th Cir. 1984), the highly intoxicated defendant, while fleeing from police in his vehicle, drove in an extremely reckless manner, eventually striking a car in the oncoming lanes and killing its driver. Id. at 947. The district court permitted the introduction of the defendant's driving record

---

[4](...continued)
404(b) where the intent of a defendant charged with a general intent crime was disputed.

which showed several previous drunk driving convictions.  The Fourth Circuit

upheld the admission of that evidence:

> The driving record would not have been admissible to show that
> defendant had a propensity to drive while drunk. F ED. R. EVID.
> 404(b).  However, the driving record was relevant to establish that
> defendant had grounds to be aware of the risk his drinking and
> driving while intoxicated presented to others.  It thus was properly
> admitted.

Id. at 949.

In United States v. Loera , 923 F.2d 725 (9th Cir. 1991), the inebriated

defendant also drove in an extremely reckless manner prior to striking his victims.

He was charged, as is Defendant here, with one count of second degree murder

and one count of assault resulting in serious bodily injury.        Id. at 726.  As in

Fleming , the district court in    Loera  admitted the defendant's driving record which

revealed his past drunk driving convictions.  On appeal, the Ninth Circuit

summarily stated that "[t]he prior convictions were properly admitted to establish

the element of malice required for the proof of second-degree murder."         Id. at

729.

The district court in this case distinguished      Fleming , and by implication,

Loera , on the ground that "in addition to being intoxicated, the defendant drove in

a manner indicating depraved disregard for human life."  Order at 5.  In other

words, the jury could infer malice in those cases from the defendants' actions

immediately prior to the fatal accidents. Distinguishing       Fleming  and Loera  from

the instant case on that basis, however, cuts against, rather than supports, the district court's exclusionary ruling. If malice could be inferred from evidence other than prior drunk driving convictions, then the probative value of those prior convictions was greatly reduced. The fact that the courts in Fleming and Loera admitted the prior convictions to prove malice despite their reduced probative value supports the admission of that kind of evidence in this case where its probative value is high due to the lack of other evidence of malice. Most significantly for Rule 404(b) purposes, neither the Fleming nor the Loera court found the prior drunk driving convictions to be offered for the improper purpose of proving character to show action in conformity therewith. [5]

Because drunk driving offenses are rarely prosecuted in federal courts, the only circuit court cases directly on point are Fleming and Loera. However, a number of state courts have addressed this issue and have also held prior drunk driving convictions to be properly offered under Rule 404(b) for the purpose of proving malice in second degree murder prosecutions arising from drunk driving accidents. See, e.g., State v. McAllister, 530 S.E.2d 859, 863-64 (N.C. Ct. App. 2000) (demonstration of malice is a proper purpose for admission of evidence of other crimes, wrongs, or acts by the defendant); Moorhead v. State, 638 A.2d 52,

---

[5]The defendant in Loera conceded that his prior drunk driving convictions were offered to prove malice. Loera, 923 F.2d at 729. Accordingly, he challenged their admission on the ground that they were unfairly prejudicial. Id.

55-56 (Del. 1994) (prior drunk driving convictions admissible to prove malice in second degree murder prosecution); State v. Woody , 845 P.2d 487, 489 (Ariz. Ct. App. 1992) (evidence of prior DUI relevant to issue of whether defendant's mental state reflected a reckless indifference to human life); People v. Brogna , 248 Cal. Rptr. 761, 766-67 (Cal. Ct. App. 1988) (criminal act underlying vehicular murder is driving under the influence with conscious disregard for life and prior convictions are probative of that mental state since those who drink and drive after being convicted of that offense know better than most of the illegality and danger of their conduct); State v. Vowell , 634 S.W.2d 118, 119 (Ark. 1982) (prior drunk driving convictions admissible "to prove the warning quality of the other convictions and to infer that the respondent must have arrived at a mental state inconsistent with mistake and consistent with the culpable mental state of causing serious physical injury 'under circumstances manifesting extreme indifference to the value of human life.'").

A jury could infer from Defendant's prior drunk driving convictions that he is especially aware of the problems and risks associated with drunk driving. We agree that "[o]ne who drives a vehicle while under the influence after having been convicted of that offense knows *better than most* that his conduct is not only illegal, but entails a substantial risk of harm to himself and others." Brogna , 248 Cal. Rptr. at 766 (emphasis added). From the number of convictions, the jury

could infer that Defendant does not care about the risk he poses to himself and others since he continues to drink and drive. Such evidence is highly probative of malice. In any event, Defendant's prior convictions are not being offered solely for the impermissible purpose of proving that he has a propensity to drive drunk.

After reviewing federal and state cases reaching similar conclusions and based on our reading of Rule 404(b) and its legislative history, we conclude that prior drunk driving convictions offered to prove the malice component of a second degree murder charge resulting from an alcohol related vehicular homicide are offered for a proper purpose under Rule 404(b). Accordingly, we hold that the district court's determination to the contrary was erroneous as a matter of law.

**B.**     **Was the Probative Value of Defendant's Prior Drunk Driving Convictions Substantially Outweighed by the Danger of Unfair Prejudice?**

As indicated above, other act evidence that is relevant and offered for a proper purpose under Rule 404(b) must still survive the Rule 403 balancing test in order to be admitted. Evidence is excluded under Rule 403 if the district court determines that "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." F ED. R. EVID. 403. Unfair prejudice in the Rule 403

context "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." F ED. R. EVID. 403 advisory committee's note. The district court has considerable discretion in performing the Rule 403 balancing test. However, exclusion of evidence under Rule 403 that is otherwise admissible under the other rules "is an extraordinary remedy and should be used sparingly." United States v. Rodriguez, 192 F.3d 946, 949 (10th Cir. 1999) (quotation omitted).

The district court's Rule 403 conclusion reads as follows: "under the immediate facts, it is more likely that the jury would choose to punish the Defendant for the similar rather than, or in addition to, the charged act, which means the evidence would be introduced for an improper purpose. In this sense the evidence would be more prejudicial than probative and therefore will not be permitted." Order at 7 (citation omitted). It appears that the district court's Rule 403 conclusion was based, in part, on its erroneous determination that Defendant's prior drunk driving convictions were not offered for a proper purpose under Rule 404(b). However, the district court also discussed the probative value of the evidence, though mostly in the context of its Rule 404(b) analysis. In short, we are unable to discern the basis for the district court's Rule 403 determination and, therefore, cannot review that determination on appeal. Accordingly, on remand, the district court must conduct a new Rule 403 balancing

-14-

test with the understanding that the evidence in question is offered for a proper purpose under Rule 404(b) and cannot be excluded under that rule.

Of course, the district court will have discretion, as usual, in performing the Rule 403 balancing test on remand. However, we feel it necessary to discuss some of the factors that will likely be considered. First, we note that unfair prejudice does more than damage the Defendant's position at trial. Indeed, relevant evidence of a crime which the government must introduce to prove its case is by its nature detrimental to a defendant who asserts that he is not guilty of the charged offense. In the Rule 403 context, however, "[e]vidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocense of the crime charged." Rodriguez, 192 F.3d at 951 (quotation omitted) (emphasis added). Even if this type of prejudice is found, it must *substantially* outweigh the probative value of the evidence in order to be excluded under Rule 403.[6] FED. R. EVID. 403.

---

[6]The Fourth Circuit has held that there is no unfair prejudice under Rule 403 when the extrinsic act is no more sensational or disturbing than the charged crime(s). United States v. Boyd, 53 F.3d 631, 637 (4th Cir. 1995). We, however, leave Rule 403 balancing more broadly to the discretion of the trial courts.

We have held that Defendant's prior convictions are offered for the proper purpose of proving malice, an element of the crime. Accordingly, they have significant probative value. Because Defendant did not commit conduct on the day of the accident from which malice can be readily inferred, that probative value is not diminished by the existence of alternative means of proving malice as it was in Soundingsides , Fleming and Loera.[7] See also Huddleston , 485 U.S. at 685 ("Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct."); Rodriguez , 192 F.3d at 950 (stating that where there is no direct evidence of an element of the crime, the importance of any indirect evidence thereof is magnified). Furthermore, in the circumstances of this case, the probative value of Defendant's prior convictions is not reduced simply because Defendant is charged with a general intent crime. [8]

---

[7]As indicated above, the fact that the courts in Fleming and Loera admitted the prior drunk driving convictions of the defendants in those cases despite the fact that malice could have been inferred from the actions of those defendants weighs in favor of admission here.

[8]The district court made much of the distinction between specific and general intent crimes. While we agree that, because specific intent cannot be inferred from the charged conduct, other act evidence may be especially probative in cases where the defendant is charged with a specific intent crime, we disagree that other act evidence automatically loses much or most of its probative value if the defendant is charged with a general intent crime. If, as in Soundingsides,

(continued...)

Finally, we address the Stipulation. At the Hearing, Defendant attempted to dilute the probative value of his prior drunk driving convictions by stipulating that he knows that it is dangerous to drive while intoxicated. On appeal, defense counsel argues that under Old Chief v. United States, 519 U.S. 172 (1997), the Stipulation is "binding" on the trial court. In Old Chief, the Supreme Court held that where a defendant stipulates to the status of being a convicted felon in an 18 U.S.C. § 922(g) prosecution, evidence of the crime giving rise to the status will generally fail the Rule 403 balancing test. Old Chief, 519 U.S. at 191-92. The first obvious difference between this case and Old Chief is that here the defendant is not stipulating to an element of the charged crime. Rather, he stipulates that he knows that driving drunk is dangerous. We think it self evident that nearly every adult in this country knows that drunk driving is a dangerous activity. In order to show malice, the government must show reckless and wanton disregard for human life. In other words, it must show that Defendant is subjectively aware of the

---

[8](...continued)

Fleming and Loera, the requisite general intent is shown by proving that the defendant did the charged conduct, the probative value of other act evidence of malice is decreased. However, where, as here, the defendant is charged with a general intent crime requiring the government to prove that the defendant acted with a particular mental state, and the existence of that mental state cannot be inferred from the charged conduct, then the probative value of other act evidence tending to establish that mental state remains high.

-17-

dangers of drunk driving, but that he does not care and continues to drive drunk despite that awareness.

Even if Defendant stipulated that he knows of the danger and does not care, or even that he acted with malice aforethought on the day of the accident, Old Chief would not require the exclusion of his prior convictions. The Supreme Court, while carving out a narrow exception for stipulations of felony-convict status, reaffirmed the general rule that "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." Id. at 186-87. Old Chief does not require the exclusion of other crimes evidence where there is a stipulation to an element of the charged crime where the evidence is offered to prove an element other than felony-convict status. See United States v. Campos, 221 F.3d 1143, 1149 (10th Cir. 2000). Other circuits have reached similar conclusions. See United States v. Hill, 2001 WL 436023, *4-5 (8th Cir. 2001); United States v. Williams, 238 F.3d 871, 876 (7th Cir. 2001) ("We believe that . . . Old Chief counsels that a defendant's offer to stipulate to an element of an offense does not render inadmissible the prosecution's evidence of prior crimes to prove elements such as knowledge and intent."); United States v. Bilderbeck, 163 F.3d 971, 977-78 (6th Cir. 1999); United States v. Crowder, 141 F.3d 1202, 1209 (D.C. Cir. 1998) ("we hold that a defendant's offer to stipulate to an element of an offense does not render the

government's other crimes evidence inadmissible under Rule 404(b) to prove that element, even if the defendant's proposed stipulation is unequivocal.").

For the reasons discussed above, the Stipulation would be an improper basis for excluding Defendant's prior drunk driving convictions under Rule 403. That is not to say that it may not be considered at all in the balancing test. However, its value is slight. It merely proves that Defendant, like virtually all other adults, understands drunk driving to be dangerous. While not worthless, such an admission does little to further the prosecution's efforts to prove malice. Accordingly, its impact on the probative value of Defendant's prior convictions is negligible.

In short, the district court's task on remand is to determine whether the potential unfair prejudice of Defendant's prior drunk driving convictions substantially outweighs their probative value, and to explain its reasoning in sufficient detail to permit informed appellate review if the issue is raised again. As indicated above, the district court must assume at the threshold that those convictions are offered for a proper purpose under Rule 404(b) in this case and should consider our discussion of their significant probative value and of the negligible effect of the Stipulation.

### III. CONCLUSION

The district court's conclusion that Defendant's prior drunk driving convictions were not offered for a proper purpose under Rule 404(b) was erroneous as a matter of law. It appears that the court's determination that the evidence was more prejudicial than probative under Rule 403 was based, in part, on that conclusion. We conclude that the district court's decision to exclude the prior convictions rested on an error of law and hold that it was, therefore, an abuse of discretion. Accordingly, we REVERSE the Order of the district court and REMAND for further proceedings consistent with this opinion.