**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

COUNG V. PHAM,

　　Defendant-Appellant.

No. 02-3389
(D. Kan.)
(D.Ct. No. 02-CR-10016-JTM)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

　　Coung V. Pham appeals his conviction of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He argues the government failed to present evidence sufficient to support the conviction, the trial court erred in admitting evidence of other bad acts he committed, and the trial court erred in calculating his sentence by applying a two-point enhancement to his criminal

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

history.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the conviction and sentence.

**Factual and Procedural Background**

A local law enforcement officer executed an arrest warrant for Mr. Pham at his home based on allegations unrelated to this case.  The officer found Mr. Pham hiding in a basement closet with a firearm in his hand.  Mr. Pham dropped the firearm as instructed, and the officer arrested him.  A grand jury indicted Mr. Pham for being a previously convicted felon in possession of a firearm.  *See* 18 U.S.C. § 922(g)(1).  Prior to the jury trial, Mr. Pham sought to exclude evidence that he previously possessed firearms.  The district court denied the motion and admitted the evidence.  A jury convicted him of the felon-in-possession offense.  At sentencing, Mr. Pham unsuccessfully argued the presentencing report improperly considered a probation matter in determining his criminal history category because it should have been discharged prior to commission of the felon-in-possession offense.  The district court sentenced Mr. Pham to seventy-seven months imprisonment, and he now appeals.

Mr. Pham raises three claims on appeal.  First, he believes the government produced insufficient evidence the firearm he possessed was "in or affecting

commerce." Second, he argues the district court erred in admitting evidence of his prior possession of firearms. Finally, Mr. Pham argues that in calculating his sentence under the United States sentencing guidelines, the district court erroneously applied a two-point enhancement to his criminal history based on his probation status at the time of the offense. We consider each argument in turn.

**Insufficient Evidence**

Mr. Pham first argues the government offered insufficient evidence to prove the firearm he possessed was "in or affecting commerce." He asserts the government presented no evidence the firearm "was used in any commercial venture or had any economic effect at all." According to Mr. Pham, "[t]he only [e]ffect on interstate commerce was due to [the firearm] coming to Kansas from some other state or country where it had been manufactured some years earlier."

We review insufficient evidence claims de novo and "view the evidence and all reasonable inferences therefrom in the light most favorable to the jury verdict[]." *United States v. Higgins*, 282 F.3d 1261, 1274 (10th Cir. 2002). To sustain a conviction under 18 U.S.C. § 922(g), the government need not make an "individualized showing of a substantial effect on commerce." *United States v. Dorris*, 236 F.3d 582, 585 (10th Cir. 2000), *cert. denied*, 532 U.S. 986 (2001); *see*

*also United States v. Farnsworth*, 92 F.3d 1001, 1006 (10th Cir.), *cert. denied*, 519 U.S. 1034 (1996). We applied this principle in *United States v. Brown*, 314 F.3d 1216, 1220 (10th Cir.), *cert. denied*, 123 S. Ct. 1338 (2003), where we upheld a conviction under 18 U.S.C. § 922(g)(1) when the government proved the firearm was manufactured in a state other than the state the defendant was in at the time he possessed it.

As Mr. Pham acknowledged at oral argument, Tenth Circuit precedent forecloses his argument. Mr. Pham concedes the government presented evidence the firearm he possessed in Kansas was manufactured in another state. His legal arguments are the same as those put forward by the appellants in *Dorris* and *Brown*. We will not contradict Tenth Circuit precedent "absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam). Accordingly, we conclude the government presented sufficient evidence to support Mr. Pham's conviction under 18 U.S.C. § 922(g)(1).

**Rule 403 Determination**

Mr. Pham next argues the district court erred in admitting evidence that he previously possessed firearms on two separate occasions. Mr. Pham does not

contest the relevancy of the prior acts, or the propriety of their admission into evidence, or the jury instruction concerning their admission. He only claims "the trial court failed to sufficiently state the reasons for the finding that the probative value of this evidence outweighed the unfair prejudice under Fed. R. Evid. 403." He asks us to remand the case for a new trial and urge the district court to articulate its reasoning for finding the evidence's probative value outweighed its risk for unfair prejudice.

We review the district court's decision to admit evidence for an abuse of discretion. *United States v. Samaniego*, 187 F.3d 1222, 1223 (10th Cir. 1999). We will reverse the district court's evidentiary ruling "only upon a 'definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" *Id.* (citing *Gilbert v. Cosco, Inc.*, 989 F.2d 399, 402 (10th Cir. 1993)). Courts must exclude otherwise admissible evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. "'Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.'" *United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999)

(quoting *United States v. Roberts*, 88 F.3d 872, 880 (10th Cir. 1996)). We have held "[t]he exclusion of relevant evidence under Rule 403 is an extraordinary remedy to be used sparingly." *K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1155 (10th Cir. 1985) (quotation marks and citation omitted). In ruling on a Rule 404(b) motion concerning evidence of prior bad acts, the district court must identify the relevant "purpose" for its admission. *See United States v. Lazcano-Villalobos*, 175 F.3d 838, 847 (10th Cir. 1999). Similarly, while we prefer explicit findings on whether the evidence's probative value substantially outweighs its potential for unfair prejudice, "we have consistently upheld implicit Rule 403 determinations when the determinations are supported by the record." *Id.* at 846.

Here, the district court considered Mr. Pham's written brief and oral argument pertaining to Rule 403 and stated admission of the bad acts was for the *purpose* of showing a "lack of mistake and knowledge." It further stated:

> Use of prior acts to show knowledge is a proper *purpose* ... and knowledge is relevant to establish scienter for possession of a firearm violation.... The government in this case must prove that defendant knowingly holds the power to exercise dominion or control over the firearm. A prior history of possession guns is highly relevant to the determination of whether a person in proximity to a gun knew what he was possessing. Given the availability of a limiting instruction, the court concludes that *the potential prejudice to defendant does not outweigh the highly probative nature of such evidence*.

-6-

(Emphasis added.) Clearly, after contemplating Mr. Pham's objection, the court articulated the "purpose" for admitting the evidenced and explicitly made the required Rule 403 balancing by stating the prejudicial effect did not outweigh the probative value. As a result, "[t]he record sheds sufficient light on how the district court viewed the evidence." *Lazcano-Villalobos*, 175 F.3d at 847. At trial, the court also attempted to mitigate the possible prejudice to Mr. Pham by prohibiting the government from bringing into court the firearms Mr. Pham previously possessed. It also provided the jury an instruction limiting consideration of the prior firearm convictions for the sole purpose of establishing knowledge, intent, or lack of mistake. After examining the record as a whole, we cannot conclude the district court abused its discretion by admitting Mr. Pham's prior convictions.

We also decline Mr. Pham's invitation to adopt a new rule requiring district courts to articulate the precise reasoning behind the Rule 403 portion of their decisions to admit or exclude evidence of prior bad acts. As we noted in *United States v. Lazcano-Villalobos*, specific articulation of the relevant "purpose" for such evidence enables district courts "to more accurately make an informed decision and weigh the probative value of such evidence against the risks of prejudice specified in Rule 403." *Lazcano-Villalobos*, 175 F.3d at 847 (quotation

marks and citation omitted). In heeding this requirement, courts thereby demonstrate they have considered the evidence's probative value. And because bad acts evidence will always, by its nature, be detrimental to a defendant in a criminal trial, *see United States v. Tan,* 254 F.3d 1204, 1211 (10th Cir. 2001), we see no need to require district courts to always expressly note the detriment. Moreover, if we determine a district court "failed to make explicit findings to support a Rule 403 ruling," we may conduct a de novo balancing of the prejudicial effect and probative value of evidence. *Lazcano-Villalobos*, 175 F.3d at 847. Accordingly, we decline to adopt a new rule as requested and affirm the district court's admission of Mr. Pham's prior bad acts.

**Criminal History Enhancement**

Finally, Mr. Pham believes the district court erred in sentencing him by applying a two-point enhancement to his criminal history for committing the instant firearm offense while under a criminal justice sentence. The relevant portion of the presentencing investigation report reads as follows:

> 3/10/98: Placed on probation until 12/10/98, or all money ordered has been paid or charges filed in any new complaint filed have been adjudicated or dismissed.

> 02/07/02: Discharged.

The instant offense occurred January 29, 2002, prior to the discharge of Mr.

Pham's probation.

Relying only on this portion of the presentencing investigation report, Mr. Pham claims the district court erred by applying a two-point enhancement because his probation "should have expired, but officially had not expired." We note Mr. Pham did not object to the specific enhancement in his objection to the pre-sentence investigation report, but requested a downward departure based on an "overrepresent[ed]" criminal history under U.S.S.G. §4A1.3. At his sentencing hearing, Mr. Pham argued the terms of the sentence imposing the probation indicate he should have been discharged from probation in December 1998, prior to the date he committed the offense at hand. On appeal, Mr. Pham continues to argue the sentencing court improperly used his probation status to calculate his criminal history and sentence, but fails to point to any evidence, other than the presentencing report, to show his probation should have been discharged earlier than 2002.

We review the district court's factual findings regarding sentencing for clear error and the district court's legal interpretation of the United States sentencing guidelines de novo. *United States v. Henry,* 164 F.3d 1304, 1310 (10th Cir.), *cert. denied,* 527 U.S. 1029 (1999). We must give "due deference to

-9-

the district court's application of the guidelines to the facts." *Id.* Under the applicable guideline, a sentencing court must "[a]dd 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation." U.S.S.G. §4A1.1(d) (2001). In seeking a sentencing enhancement for a prior conviction or sentence, the government has the burden of showing its existence; the burden then shifts to the defendant to show the conviction or sentence was invalid or otherwise improperly considered. *See United States v. Windle*, 74 F.3d 997, 1001 (10th Cir.), *cert. denied*, 517 U.S. 1115 (1996).

Assuming without deciding Mr. Pham properly preserved this issue for appellate review, the presentencing report clearly shows the official discharge of Mr. Pham's probation did not occur until after he committed the instant offense. Mr. Pham did not object to that portion of the report and thereafter offered no proof contradicting this fact. Instead, he relies solely on a portion of the report that fails to support his claim his probation "should have expired" before he committed the instant offense. While the initial probation discharge date is listed as December 1998, the record is silent as to what occurred, if anything, between the date he was placed on probation and the actual date of discharge in 2002. It is possible, for example, Mr. Pham violated a condition of his probation that resulted in the extension of his probationary term. Because the record does not

support the factual assertion Mr. Pham bases his legal argument on, he fails to carry his burden of showing his probation was improperly considered, and, therefore, we decline to further address his claim.

**Conclusion**

For the foregoing reasons, we **AFFIRM** Mr. Pham's conviction and sentence.  Given our affirmance of Mr. Pham's conviction on the record before us, we deny the government's motion to supplement the record on appeal as it is unnecessary to our disposition.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge