**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 16, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LULA LOUNDS; GEORGIA
FUSTON-LOUNDS, as the personal
representatives of the estate of Alford
T. Lounds,

        Plaintiffs-Appellants,

v.

FRANK TORRES, individually and in
his official capacity; CITY OF
OKLAHOMA CITY, a municipal
corporation,

        Defendants-Appellees,

    and

DARREN MARTIN, individually and
in his official capacity,

        Defendant.
_____

LULA LOUNDS; GEORGIA
FUSTON-LOUNDS, as the personal
representatives of the estate of Alford
T. Lounds,

        Plaintiffs-Appellants,

v.

FRANK TORRES; CITY OF
OKLAHOMA CITY, a municipal
corporation,

No. 06-6139
(D.C. No. 03-CIV-1519-T)
(W.D. Okla.)

No. 06-6202
(D.C. No. 03-CIV-1519-T)
(W.D. Okla.

Defendants-Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

This civil rights action stems from the fatal shooting of Alford T. Lounds

(Alford) by Oklahoma City police officer Frank Torres.[1]  Alford's estate is

represented by his common-law wife, Georgia Fuston-Lounds

(Ms. Fuston-Lounds), and his mother, Lula Lounds (collectively, appellants).

Appellants initiated this suit under 42 U.S.C. § 1983, alleging that Oklahoma City

(the City) failed to properly train Officer Torres, and that Officer Torres used

excessive force in attempting to detain Alford.  The district court granted

summary judgment in favor of the City, and a jury returned a verdict for Officer

Torres.  On appeal, appellants challenge both the summary judgment order and

the jury verdict.  They claim that summary judgment was improper because a

question of fact existed concerning the adequacy of the City's training policies.

They contest the jury verdict by arguing that they were prejudiced by the

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  These cases are therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]      To avoid confusion, we refer to Mr. Lounds by his first name.

admission of evidence indicating a turbulent relationship between Ms. Fuston-Lounds and Alford. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I. Background

Shortly after midnight on May 15, 2003, Officer Torres was with his partner, Darren Martin, driving in an unmarked Ford Ranger in the vicinity of N.W. Tenth Street and Miller Boulevard in Oklahoma City. The officers had been conducting surveillance nearby and were dressed in plain clothes. As the officers pulled up to a stop sign, they heard a woman – later identified as Ms. Fuston-Lounds – scream. Ms. Fuston-Lounds was sitting in the street with the contents of her purse emptied onto the ground and Alford standing above her. Believing that Ms. Fuston-Lounds had been assaulted, Officer Torres left his truck with his gun drawn. Displaying his badge in his left hand, Torres identified himself as a police officer. According to Officer Torres, Alford began walking toward a van parked nearby, paused when ordered to stop by Officer Torres, but continued to enter the van. Torres followed, and with gun in hand, opened the van door. Standing in the doorway, he again ordered Alford to stop, but Alford did not heed him and continued to back the van. The opened door struck Officer Torres in the back, causing him to fall to the ground. While falling, and believing he was in peril of being run over, Officer Torres fired three shots into the van. One bullet struck Alford, fatally wounding him.

Appellants filed this suit against the City and both officers, although they later dismissed Officer Martin from the litigation. Appellants claimed that the City's use-of-force policy was inadequate and its training deficient, particularly in the use of deadly force when a subject attempts to flee from police while driving a vehicle. Upon the City's motion for summary judgment, however, the district court ruled that the City's use-of-force policy was deemed adequate by this court in *Carr v. Castle*, 337 F.3d 1221, 1228 (10th Cir. 2003), and absent any evidence creating a question of fact on the adequacy of the training on that policy, summary judgment in favor of the City was proper.

In support of their excessive force claim against Officer Torres, appellants moved in-limine to exclude evidence of Alford's criminal history as irrelevant and prejudicial. Officer Torres agreed to this motion in part, but argued that because appellants were seeking damages for Ms. Fuston-Lounds' grief and loss of companionship, evidence of Alford's 2002 conviction and 2003 arrest for domestic abuse of Ms. Fuston-Lounds ought to be admissible to demonstrate the true nature and quality of their relationship. The district court agreed and ruled the evidence admissible. Appellants now seek review of this evidentiary ruling, as well as the district court's grant of summary judgment to the City.

## II. Discussion

### A. Summary Judgment Ruling

"We review a district court's grant of summary judgment de novo, using the same standards applied by the district court." *Baca v. Sklar*, 398 F.3d 1210,

-4-

1216 (10th Cir. 2005). We view the evidence and reasonable inferences therefrom in the light most favorable to the nonmoving party, *id.*, and will affirm a grant of summary judgment only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(c).

Appellants contend "[t]he factual issue here is not the categorical existence of policies and training in the use of force by [the City], but rather, the adequacy and completeness of those policies and that training." Aplt. Br. 21. The district court recognized, however, that in *Carr*, 337 F.3d at 1228, this court deemed the City's use-of-force policy constitutionally adequate. Aplt. App. at 1399. Indeed, the court expressly noted that appellants offered no evidence of "any constitutional deficiency in the policies regarding the use of force," nor any evidence challenging this court's finding in *Carr* that the same written policy was constitutional. *Id.* Further, the district court carefully considered appellants' claim that the City's officers were deficiently trained in the use of deadly force when "subjects attempt to drive away from encounters with officers." *Id.* at 1400. But because uncontroverted evidence demonstrated that the City's "use of force policy includes a section specifically dealing with shooting at or from a motor vehicle," and that its "officers receive training on this policy and on vehicular extractions," the court found that appellants failed to establish "evidence sufficient to create a question of fact regarding the adequacy of the training

-5-

program." *Id.* at 1400-01. For these reasons alone, summary judgment was proper. Appellants' arguments to the contrary merely attack the district court's additional, albeit unnecessary, reasons for granting summary judgment, and in any event, are without merit. Therefore, having thoroughly reviewed the parties' briefs, the record on appeal, the district court's order, and the relevant law, we agree that summary judgment in favor of the City was correct. We thus affirm the district court's summary judgment ruling for the reasons stated in that court's August 11, 2005, order.

## B. Evidentiary Ruling

We next consider whether the district court erred in admitting evidence of Alford's history of domestic violence against Ms. Fuston-Lounds. Appellants contend the admission of this evidence violated Fed. R. Evid. 404(b), which provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." They argue that the evidence ought to have been excluded because Alford's conviction and arrest for domestic abuse is irrelevant and prejudicial.

We review a trial court's evidentiary rulings for an abuse of discretion. *Macsenti v. Becker*, 237 F.3d 1223, 1236 (10th Cir. 2001). While it is true that evidence of other crimes or wrongs unrelated to the conduct at issue is inadmissible to prove a propensity to behave in a given manner, if offered for another purpose, such evidence may be admissible under Rule 404(b). *Tanberg v. Sholtis*, 401 F.3d 1151, 1167 (10th Cir. 2005). To be admissible, the evidence

must be offered for a proper purpose; it must be relevant; the trial court must determine under Fed. R. Evid. 403 that the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and the trial court must give the jury a proper limiting instruction when requested. *United States v. Lazcano-Villalobos*, 175 F.3d 838, 845-46 (10th Cir. 1999).

Here, all four requirements were satisfied. First, evidence of Alford's 2002 conviction and 2003 arrest for domestic abuse of Ms. Fuston-Lounds was offered not to show his character, but for the proper purpose of rebutting Ms. Fuston-Lounds' claim for damages. *See Tanberg*, 401 F.3d at 1166 ("When a party opens the door to a topic, the admission of rebuttal evidence on that topic becomes permissible."). Second, the evidence was relevant because Ms. Fuston-Lounds put the nature and quality of her relationship with Alford at issue by claiming damages for grief and loss of companionship. *See, e.g.*, *Perrin v. Anderson*, 784 F.2d 1040, 1048 (10th Cir. 1986) (holding that evidence of pornographic images found throughout decedent's home and accessible to his minor child was relevant to the question of child's damages for loss of companionship). In this regard, the fact that the abuse occurred before or during their common-law marriage is of no consequence because her claim was premised not on the loss of her marriage, but on the loss of her relationship. Third, the district court balanced the evidence as required by Rule 403, and concluded that its probative value clearly outweighed its prejudicial impact. Aplt. App. at 1422. To the extent appellants dispute this conclusion, we note that Rule 403 requires

-7-

that even if prejudice is found, "it must *substantially* outweigh the probative value of the evidence in order to be excluded." *United States v. Tan*, 254 F.3d 1204, 1212 (10th Cir. 2001). Here, the district court did not find, and appellants do not contend, that there was substantial prejudice. Finally, the district court specifically instructed the jury that the evidence was to be used "for damages based on grief and the loss of companionship resulting from the death of Alford Lounds." Aplee. Suppl. App. at 263. We presume the jury followed this instruction. *Darks v. Mullin*, 327 F.3d 1001, 1015 (10th Cir. 2003). Accordingly, we find the district court acted within its discretion in admitting the evidence.

## III. Conclusion

The judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge