**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 16, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TROY ANDREW LUJAN,

    Defendant - Appellant.

No. 19-1442
(D.C. No. 1:18-CR-00533-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **LUCERO**, Senior Circuit Judge, and **EID**, Circuit Judges.
_____

Troy Lujan appeals his conviction for possessing with intent to distribute and distributing heroin and more than five grams of pure methamphetamine. He argues that the district court erred in admitting incriminating statements he made in an interview with investigating officers and that the government committed prosecutorial misconduct by characterizing his incriminating statements as confessions in its opening and closing statements. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

On October 24, 2017, Marcus Westbrook purchased a half-ounce of heroin and a half-ounce of methamphetamine from Lujan at an apartment on Kendall Street in Lakewood, Colorado. Westbrook was a lifetime acquaintance of Lujan and purchased the drugs while acting as a confidential source for the FBI. Westbrook wore a camera and recording device during the transaction, but Lujan's face never appeared in the video and the audio recording quality was poor.

A year after that transaction, Lujan was interviewed by investigating officers and made several admissions concerning previous drug sales. He admitted that he sold roughly an ounce of the charged drugs each day for approximately three to four months to around twenty customers from his Kendall Street apartment. He also stated that he knew Westbrook and had sold him drugs "once or twice" from the apartment. When asked by the agent if he had sold Westbrook a half-ounce of methamphetamine and a half-ounce of heroin, Lujan stated that he had. The agent did not, however, ask Lujan whether he sold Westbrook those drugs on October 24, 2017.

Lujan was indicted for possessing with intent to distribute and distributing heroin and more than five grams of pure methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), (b)(1)(c) and 18 U.S.C. § 2. Prior to trial, the government filed a notice of intent to introduce the statements Lujan made in his interview under Federal Rule of Evidence Rule 404(b). Lujan objected, arguing that

the proposed evidence was unfairly prejudicial and not intended for a permissible purpose.

The district court held that large portions of the 27-minute recording were irrelevant and prejudicial, but it permitted introduction of Lujan's statements that he had sold drugs to Westbrook once or twice and that he sold drugs to around twenty individuals from the Kendall Street Apartment. It reasoned that these statements were admissible under Rule 404(b) because they were evidence of identity or knowledge. The court did not conduct an explicit Federal Rule of Evidence Rule 403 analysis of whether the probative value of this evidence substantially outweighed its prejudicial effect.

At trial, the prosecutor repeatedly stated that Lujan admitted to both charges, even though Lujan had not specifically admitted to selling drugs on October 24, 2017. The prosecutor noted in his opening statement that Lujan "has already admitted to both counts of the Indictment." In closing, he stated that the jury had been provided with an "audio recorded confession." In rebuttal, he added that Lujan had "already told" the jury that he is guilty. Lujan did not object to any of these statements.

Lujan was convicted on both counts and sentenced to 105 months' imprisonment. Lujan filed this timely appeal.

## II

Evidentiary rulings are reviewed for abuse of discretion. United States v. Edward J., 224 F.3d 1216, 1219 (10th Cir. 2000). A court abuses its discretion when

3

its ruling falls outside "the bounds of permissible choice in the circumstances or [is] arbitrary, capricious or whimsical." United States v. Henthorn, 864 F.3d 1241, 1248 (10th Cir. 2017) (quotation omitted).

Lujan did not preserve his prosecutorial misconduct claim, so it is reviewed for plain error. See Edward J., 224 F.3d at 1219. Under plain error review, this court will reverse if there is "(1) error, (2) that is plain, which (3) affects the defendant's substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." United States v. Durham, 902 F.3d 1180, 1226 (10th Cir. 2018) (quotation omitted).

## A

Lujan argues that the district court abused its discretion in admitting his statements that he sold narcotics for approximately three to four months to around twenty customers from his apartment and that he specifically sold a half-ounce each of heroin and methamphetamine to Westbrook. The Supreme Court articulated a four-part test in Huddleston v. United States to determine whether prior bad-act evidence is admissible. Admissibility depends on whether the acts are: (1) offered for a non-propensity purpose under Rule 404(b); (2) relevant; (3) substantially more probative than unfairly prejudicial under Rule 403; and (4) subject to an appropriate limiting instruction to the jury. 485 U.S. 681, 691-92 (1988). Proper purposes include, but are not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. Fed. R. Evid. 404(b). Evidence is unfairly prejudicial when it has "an undue tendency to suggest decision on an

4

improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 Advisory Committee's Notes.

The district court did not abuse its discretion in holding that Lujan's statements were admissible under the test articulated in Huddleston. The statements were admitted for the proper purpose of proving Lujan's identity as the individual who sold narcotics to Westbrook, an issue raised by the defense throughout the trial. See United States v. Brooks, 161 F.3d 1240, 1243 (10th Cir. 1998) (admission of a recorded conversation concerning a prior drug transaction admissible to prove identity). The statements were also highly probative of whether Lujan sold Westbrook the narcotics. Taken together, the statements show that Lujan knew Westbrook prior to the charged offense, had previously sold him methamphetamine and heroine in the charged quantities, and sold narcotics to other individuals from the same apartment where Westbrook made the charged purchase. Though evidence of past criminal conduct is always prejudicial, any unfair prejudice was substantially outweighed by the evidence's probative value. It is also undisputed that the evidence was relevant, and the jury was given proper limiting instructions.

Lujan argues that even if the probative value of the evidence does substantially outweigh the risk of unfair prejudice, we should still reverse under United States v. Tan, 254 F.3d 1204 (10th Cir. 2001) because the district court did not perform the Rule 403 prejudice analysis on the record regarding the statements at issue. However, Tan is distinguishable from this case. In Tan, we held that the district court erred as a matter of law in holding that evidence was barred by Rule 404(b) and

5

noted that "[i]t appear[ed] that the district court's Rule 403 conclusion was based, in part, on its erroneous determination." Id. at 1211. We directed the district court to perform a new Rule 403 analysis on remand "with the understanding that the evidence in question is offered for a proper purpose under Rule 404(b)." Id. Unlike in Tan, the district court in this case did not make any legal errors in its Rule 404(b) analysis. Absent such a legal error, "[w]e have consistently upheld implicit Rule 403 determinations when the determinations are clearly supported by the record," as they are here. United States v. Lazcano-Villalobos, 175 F.3d 838, 846-47 (10th Cir. 1999).

**B**

Lujan argues that the prosecution committed prosecutorial misconduct by falsely telling the jury that Lujan had confessed to the charged offenses. He claims the following comments were improper: (1) in his opening statement, the prosecutor claimed that Lujan "has already admitted to both counts of the indictment"; (2) in closing, he stated that he had provided the jury with an "audio recorded confession of the defendant"; and (3) in rebuttal, he asked the jury to "tell Mr. Lujan what he already knows he is and what he has already told you he is, and that is guilty."

We apply a two-pronged analysis to prosecutorial misconduct claims: "(1) we decide whether the prosecutor's comments were improper, and (2) if they were, we examine the likely effect of the comments on the jury's verdict." United States v. Currie, 911 F.3d 1047, 1055 (10th Cir. 2018). Comments in opening and closing statements are improper when they go beyond "evidence in the record and []

6

reasonable inferences from that evidence." Whittenburg v. Werner Enters. Inc., 561 F.3d 1122, 1128-29 (10th Cir. 2009).

Mischaracterizing admissions of other bad acts as confessions to the charged offenses will often rise to the level of prosecutorial misconduct. However, under these circumstances, it was reasonable for the prosecution to infer that Lujan had admitted to the charged offenses. Lujan admitted that he had previously sold a half-ounce of heroin and a half-ounce of methamphetamine to Westbrook. Though Lujan did not specifically admit that he sold Westbrook narcotics on October 24, 2017, both Lujan's admission and the charged offenses involved the same parties and the same quantities and types of drugs. Because the prosecution's comments comprise reasonable inferences from the evidence in the record, the comments were not improper.

### III

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Senior Circuit Judge

7